UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK WHITE,**

      **Plaintiff,**                      **CIVIL ACTION NO. 13-CV-15073**

    **vs.**                                 **DISTRICT JUDGE AVERN COHN**

                                         **MAGISTRATE JUDGE MONA K. MAJZOUB**

**ROSILYN JINDAL, et al.,**

      **Defendants.**

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT [43]**

Plaintiff Mark white, currently a prisoner at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this action, in relevant part, under 42 U.S.C. § 1983 against Defendants Paul Klee (the Warden of the Gus Harrison Facility), Lee McRoberts (the Deputy Warden at the Gus Harrison facility), and C. Condon (a Resident Unit Manager at the Gus Harrison facility). (*See* docket nos. 1 and 14 at 1.) Plaintiff alleges that Defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments when they "placed plaintiff in grave personal danger of death or physical injury in violation of MDOC policy." (*See id.*) And he alleges that Through his Complaint, Plaintiff seeks "punitive, compensatory & declaratory damages in excess of [$25,000] on the deliberate indifferent (sic) claims" and "immediate injunctive treatment & transfer to prevent death or physical injury." (*Id.*)

Before the Court is Plaintiff's Second Motion to File an Amended Complaint. (Docket no. 43). Defendant filed a Response. (Docket no. 52.) All pretrial matters have been referred to the

1

undersigned for consideration. (Docket no. 12.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motion is now ready for ruling.

## I.    Governing Law

A court is to allow parties to amend their pleadings freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). "A party seeking to amend an answer must act with due diligence if it intends to take advantage of [Rule 15's] liberality." *Saginaw Chippewa Indian Tribe of Michigan v. Granholm*, 05-10296, 2008 WL 4808823, at *8 (E.D. Mich. Oct. 22, 2008) (Ludington, J.) (internal quotation omitted). "A court may deny leave to amend when a party unnecessarily delayed in seeking amendment, thereby []causing prejudice to the other party or unduly delaying the litigation." *Id*. (citation omitted). And a court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Department of Veterans Affairs*, 10-11059, 2011 WL 824493, at *1 (E.D. Mich. Mar. 3, 2011) (Majzoub, M.J.) (citation omitted).

When deciding a Motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[threadbare] recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.     Analysis

In Plaintiff's Motion to Amend, he alleges that Defendants Klee and McRoberts "have failed to address a serious issue of retaliation in the form of denying copies of exhibits" and that "[t]his act was done by and through subordinate Librarian T. Bowers." (Docket no. 43 at 1.) Plaintiff "seeks to amend the relief to include all named defendants in seeking punitive and actual damages." (*Id.* at 2 (emphasis removed).) Specifically, Plaintiff states that he is looking to make an example out of Defendants for their actions. (*Id.*) It is unclear exactly how Plaintiff intends to amend his Complaint, but construing his allegations liberally, the Court will construe Plaintiff's Motion to seek the addition of claims against Defendants Klee and McRobers for retaliation and to seek the addition of T. Bowers as an additional defendant.

Defendants assert that "[t]he allegations in Plaintiff's proposed amendment are against a non-party MDOC employee and only involve Defendants Klee and McRoberts in a supervisory role." (Docket no. 52 at 3.) Therefore, Defendants argue, "these claims should be a separate cause of action and independently subject to the requirements of the PLRA," including administrative exhaustion. (*Id.* at 3-4.) The Court agrees. While Plaintiff's retaliation claims is tangentially connected to his instant claim to the extent that he alleges he was attempting to procure copies of exhibits in the instant matter, Plaintiff must file a grievance under P.D. 01.03.130 and exhaust his administrative remedies before bringing his new claims against Defendants Klee, McRobers, and

Bower. Therefore, because he has failed to exhaust his administrative remedies, Plaintiff's proposed amendments would fail to survive a motion under Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE ORDERED** that Plaintiff's Motions to Amend [43] is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 7, 2014        s/ Mona K. Majzoub
                          MONA K. MAJZOUB
                          UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff Mark White and Counsel of Record on this date.

Dated: May 7, 2014        s/ Lisa C. Bartlett
                          Case Manager