UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

    Plaintiff,

v.                                                         Case No. 13-15073

ROSLYN JINDAL,                                 HON. AVERN COHN
CORIZON HEALTH INC., PAUL
KLEE, DR. WILLIAM NELSON,
CORRECTIONAL MEDICAL SERVICES,
THOMAS G. FINCO, BILL COLLIER,
LEE McROBERTS, and C. CONDON,

    Defendants.

_____/

**ORDER**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 56)**
**AND**
**OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 58)**
**AND**
**DISPOSING OF PENDING MOTIONS (Docs. 22, 27, 47, 48, 49, 53, 57, 59, 63, 64, 67)**

I.  Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff is proceeding pro se and in forma pauperis (IFP).  The matter has been referred to a magistrate judge for all pretrial proceedings.  As will be explained, the magistrate judge issued a report and recommendation (MJRR) on several pending motions.  Before the Court are plaintiff's objections to the MJRR.  For the reasons that follow, the MJRR will be adopted and plaintiff's objections will be overruled.  The pending motions will be resolved as described more fully below.  Briefly, plaintiff's claims against Correctional

Medical Services and William Nelson will be dismissed as barred by the statute of limitations. Plaintiff's claims against Roslyn Jindal, Thomas Finco, Bill Collier, and Corizon Health Inc. (Corizon) will be dismissed without prejudice for misjoinder. Should plaintiff wish to pursue his claims against Jindal, Finco, Collier, or Corizon, he must file a new complaint. Upon filing the new complaint, he must pay the filing fee in full as he is not entitled to proceed IFP in that action. The case continues against Paul Klee, Lee McRoberts, and C. Condon.

## II. Background

The original complaint named Jindal, a physician's assistant, Corizon, Klee, the Warden at the Gus Harrison Correctional Facility (GCF) where plaintiff is housed, Nelson, a former Michigan Department of Corrections (MDOC) physician, and Correctional Medical Services (CMS). On February 11, 2014, plaintiff filed an amended complaint which added the following defendants: Finco, Deputy Director of the MDOC, Collier, the lead psychiatrist at GCF, Lee McRoberts, the Deputy Warden at GCF, and C. Condon, a Resident Unit Manager at GCF. Plaintiff also added claims for violation of the Americans With Disabilities Act and Michigan's Handicap Civil Rights Act.

Essentially, plaintiff claims that these defendants violated his rights under the First, Fifth, Eighth and Fourteenth Amendments. Plaintiff's allegations can be divided into two categories. First, plaintiff alleges that certain defendants put him in physical danger when MDOC personnel allowed other inmates to overhear implications that plaintiff was a snitch against the Gangster's Disciples in the context of a misconduct hearing. Second, plaintiff alleges that certain defendants gave him inadequate medical care for the treatment of his diabetes.

Following the filing of the complaint, plaintiff moved for an immediate temporary restraining order seeking to be transferred to an MDOC facility that did not have a high concentration of members of the Gangster's Disciples prison gang.

On March 25, 2014, the magistrate judge issued a MJRR recommending that plaintiff's motion for injunctive relief be granted because plaintiff had demonstrated a threat to his safety and defendants had not presented any evidence to the contrary. (Doc. 31). Neither party objected to the MJRR. Accordingly, on April 22, 2014 the Court adopted the MJRR and ordered that defendants "transfer plaintiff to an MDOC facility that does not have a 'high concentration' of members of the Gangster's Disciples prison gang." (Doc. 44) (hereafter "the transfer order.").

Plaintiff was not transferred. Instead, plaintiff was placed in administrative segregation.

At the time of the transfer order and thereafter, the following motions were pending before the magistrate judge:

1. Klee's motion for reconsideration (Doc. 47) regarding the transfer order.

2. Plaintiff's Motion for Contempt regarding the transfer order (Doc. 49) and for Immediate Consideration of the same (Doc. 48)

3. Klee's motion for summary judgment (Doc. 27) and motion to withdraw the motion for summary judgment (Doc. 53)

4. CMS and Nelson's motion to dismiss (Doc. 22)

The magistrate judge issued a MJRR, recommending that (1) Klee's motion for reconsideration be granted, (2) plaintiff's motion for contempt and for immediate consideration be denied as moot, (3) Klee's motion to withdraw motion for summary judgment and motion for summary judgment be denied, and (4) CMS and Nelson's

3

motion to dismiss be granted.

The magistrate judge also recommended that the Court sever this matter into two matters. One matter would consist of plaintiff's claims against Jindal, Corizon, Finco, and Collier. The magistrate judge refers to these defendants as the "Medical Defendants." The other matter would consist of plaintiff's claims against Klee, McRoberts, and Condon. The magistrate judge refers to these defendants as the "MDOC Defendants."

Finally, the magistrate judge discovered that plaintiff is subject to the "three strikes" rule because he has had three or more prior prisoner civil rights actions dismissed as frivolous or for failure to state a claim. As such, the magistrate judge recommended that plaintiff's IFP status be revoked as to his claims against the Medical Defendants.

### III. Standard of Review

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

IV.  Analysis

A.  Klee's Motion for Summary Judgment

Klee argues that summary judgment is appropriate because plaintiff has not exhausted his safety based claims.  The magistrate judge rejected this argument on the grounds that plaintiff was informed that his issues were non-grievable; therefore, plaintiff has no administrative remedies to exhaust.  Klee has not objected.  Accordingly, the Court will adopt the magistrate judge's recommendation.  Klee's motion for summary judgment will be denied.  Klee's related motion to withdraw the motion for summary judgment will also be denied.

B.  Klee's Motion for Reconsideration

Klee argues that reconsideration of the transfer order is warranted because (1) plaintiff is not in danger as only two members of the Gangster's Disciples are at GCF and a transfer would be counterproductive and (2) the MDOC should have an opportunity to address plaintiff's protection needs through its internal policy.  As explained in the MJRR, the MDOC's policy requires that plaintiff first request formal protection.  The magistrate judge recommends that reconsideration is warranted as to the second ground raised.  That is, plaintiff should first follow the internal policy for seeking protection, of which none of the MDOC Defendants made aware to the magistrate judge or the Court until now.  As such, the magistrate judge recommends that the Court rescind the transfer order and deny plaintiff's transfer request without prejudice.

Plaintiff objects.  The objections fail to convince the Court that the magistrate judge's recommendation is in error.  Rather, the Court agrees that plaintiff must first

5

abide by the MDOC's internal policy to address his prison protection needs. If plaintiff is not satisfied with the outcome, he may renew his motion seeking a transfer.

### C. CMS's and Nelson's Motion to Dismiss

CMS and Nelson argue that plaintiff's claims are barred by the statute of limitations. The magistrate judge agrees and therefore recommends that CMS and Nelson's claims be dismissed as barred by the statute of limitations. Plaintiff objects, requesting that the issue of the statute of limitations be held in abeyance or that he is entitled to equitable tolling. Neither argument carries the day. As the magistrate judge carefully explained, plaintiff's claims against CMS and Nelson are time barred.

### D. Misjoinder and IFP status

The magistrate judge discovered that plaintiff has had three or more prior civil rights cases dismissed as frivolous or for failure to state a claim upon which relief may be granted. This is known as the "three strikes" rule which prevents a prisoner from proceeding without prepayment of the filing fee if they have had three or more cases dismissed on the grounds described above. The magistrate judge also noted that there is an exception if the prisoner can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed. See Rittner v. Kinder, 290 F. App'x 796, 797-98 (6th Cir. 2008).

The magistrate judge is correct that plaintiff is unquestionably subject to the three strikes rule. Indeed, plaintiff has previously been denied permission to proceed without prepayment of the filing fee due to his three strike status. See White v. Heyns, et al., No. 5:13-CV-12104 (E.D. Mich. May 24, 2013); White v. Correctional Medical Svs., Inc.,

6

No. 1:10-CV-1082 (W.D. Mich. May 11, 2011).  To the extent plaintiff objects to being subject to the three strikes rule, his objection is not well taken.

Here, the magistrate judge concludes that plaintiff's claims against the MDOC Defendants regarding his physical safety fall within the exception.  The Court agrees.  The magistrate judge also concludes that plaintiff's claims against the Medical Defendants regarding his diabetes care do not fall within the exception because plaintiff has not shown an imminent danger or serious physical injury regarding the medical care he received.  The Court agrees.

The question then becomes what to do about the two groups of defendants in light of plaintiff being subject to the three strikes provision.  The magistrate judge recommends that the Court sever this matter into two matters, one against the MDOC Defendants and the other against the Medical Defendants and then revoke plaintiff's IFP status as to the matter against the Medical Defendants..

Plaintiff objects to the magistrate judge's recommendation to sever the case into two matters.  Federal Rule of Civil Procedure 21 provides the Court with the authority to sua sponte dismiss or sever parties and claims in a civil action due to misjoinder.  See also Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 682 (6th Cir. 1988) ("Parties may be dropped ... by order of the court ... of its own initiative at any stage of the action and on such terms as are just."); Coalition to Defend Affirmative Action v. Regents of Univ. of Mich., 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008).  Rule 21 gives the Court discretion to either sever or dismiss the mis-joined parties "on just terms."

The Court agrees with the magistrate judge that the claims against the MDOC defendants and the claims against the Medical Defendants are improperly joined.

However, dismissal of the Medical Defendants,[1] rather than severance, is the better course.

In sum, should plaintiff wish to pursue his claims against the Medical Defendants (Jindal, Corizon, Finco, and Collier) regarding improper medical care, he must file a new complaint. If he does file a new complaint, plaintiff must pay the filing fee in full.

## V.  Conclusion

For the reasons stated above,

- the MJRR is adopted as the findings and conclusions of the Court, as supplemented above.

- Plaintiff's objections (Doc. 58) are overruled.

- Klee's motion for summary judgment (Doc. 27) is DENIED.

- Klee's motion to withdraw motion for summary judgment (Doc. 53) is DENIED.

- Plaintiff's Motion for Contempt (Doc. 49) and for Immediate Consideration (Doc. 48) are DENIED AS MOOT.

- Klee's motion for reconsideration (Doc. 47) is GRANTED. The order of April 22, 2014 directing that plaintiff be transferred to another facility is VACATED. Given this determination, plaintiff's motions regarding compliance with the transfer order are DENIED AS MOOT. This includes the following motions: Plaintiff's Motion for Audio Hearing on Motion to Clarify Injunction and Request for Audio Hearing on Injunction (Doc. 59); Plaintiff's Motion to Expedite Hearing (Doc. 63); Plaintiff's Motion for Sanctions - Contempt of Court (Doc. 64), and Plaintiff's Motion for Civil Contempt (Doc. 67)

- CMS and Nelson's motion to dismiss (Doc. 22) is GRANTED.

---

[1] The Medical Defendants are Jindal, Corizon, Finco, and Collier as the Court agrees that plaintiff's claims against CMS and Nelson are barred by the statute of limitations.

- Jindal, Finco, Collier and Corizon are DISMISSED WITHOUT PREJUDICE for misjoinder.

- The case continues against Klee, McRoberts, and Condon.

SO ORDERED.


    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated: June 24, 2014


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 24, 2014, by electronic and/or ordinary mail.


    S/Sakne Chami
Case Manager, (313) 234-5160