UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

      Plaintiff,                                   CIVIL ACTION NO. 13-15073

vs.                                      DISTRICT JUDGE AVERN COHN

                                          MAGISTRATE JUDGE MONA K. MAJZOUB

ROSILYN JINDAL, et al.,

      Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR IMMEDIATE HEARING ON PETITION FOR PRELIMINARY INJUNCTION [99]; DENYING PLAINTIFF'S MOTIONS TO EXPEDITE APPOINTMENT OF COUNSEL [106], MOTION FOR IMMEDIATE HEARING [107], MOTION TO EXPEDITE REVIEW FOR INJUNCTIVE RELIEF DUE TO IMMIMENT DANGER [108], MOTION FOR EMERGENCY HEARING ON INJUNCTIVE RELIEF DUE TO IMMINENT DANGER [109], MOTION TO COMPEL DISCOVERY [115], AND MOTION TO PROCEED WITHOUT COUNSEL WITH SUPERVISED DISCOVERY AND DEPOSITION [117]; AND GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS PETITION FOR IMMEDIATE INJUNCTION IN PART [114]**

I.      **Background**

Plaintiff Mark White, currently a prisoner at the Lakeland Correctional Facility, in Coldwater, Michigan, filed this action under 42 U.S.C. § 1983 against Defendants Roslyn Jindal (a Physician's Assistant), Corizon Health Incorporated (Corizon) (formerly known as Correctional Medical Services (CMS)) (health-care contractors that provide services to the Michigan Department of Corrections (MDOC)), Paul Klee (the Warden of the Gus Harrison Facility), and Dr. William Nelson (a former MDOC physician). (Docket no. 1 at 1-2.) In his Complaint, Plaintiff alleges that Defendants Jindal, Nelson, Corizon, and CMS violated his Eighth

1

Amendment rights when they were deliberately indifferent to his serious medical needs. (*Id.* at 4.) Plaintiff alleges that Defendant Klee violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments when he "placed plaintiff in grave personal danger of death or physical injury in violation of MDOC policy." (*Id.*) Through his Complaint, Plaintiff seeks "punitive, compensatory & declaratory damages in excess of [$25,000] on the deliberate indifferent (sic) claims" and "immediate injunctive treatment & transfer to prevent death or physical injury." (*Id.*)

On February 11, 2014, Plaintiff filed his Amended Complaint and added four additional defendants to this matter: (1) Thomas G. Finco (Deputy Director of the MDOC); (2) Bill Collier (the lead psychiatrist at the Gus Harrison facility); (3) Lee McRoberts (the Deputy Warden at the Gus Harrison facility); and (4) C. Condon (a Resident Unit Manager at the Gus Harrison facility). (*See* docket no. 14 at 1.) Plaintiff also adds two additional claims for violations of the Americans with Disabilities Act, 21 U.S.C. § 12101, and for violations of Michigan's Handicap Civil Rights Laws, M.C.L. 37.1103.[1] (*Id.* at 2.)

On March 25, 2014, the undersigned reviewed Plaintiff's Motion for Immediate Temporary Injunction and recommended that the Court grant Plaintiff's Motion because Plaintiff had shown a "specific, immediate, and substantial threat to [his] safety" and because Defendants had failed to provide any evidence to the contrary. (Docket no. 31.) On April 22, 2014, the Court adopted the undersigned's Report and Recommendation and ordered that "Defendants shall transfer plaintiff to an MDOC facility that does not have a 'high concentration' of members of the Gangster's Disciples prison gang." (Docket no. 44.)

---

[1] The undersigned will refer to Defendants Jindal, Corizon, CMS, Nelson, Finco, and Collier as the "Medical Defendants" and Defendants Klee, McRoberts, and Condon as the "MDOC Defendants."

Instead of transferring Plaintiff as the Court ordered, Defendants placed Plaintiff in segregation and filed a Motion for Reconsideration.   (Docket no. 47.)   Defendant Klee also filed a Motion for Summary Judgment, and Defendants Corizon and Nelson filed a Motion to Dismiss. (Docket nos. 22 and 27.)   On June 24, 2014, the Court dismissed Plaintiff's claims against CMS and Nelson because they were barred by the applicable statute of limitations and dismissed Plaintiff's claims against the remaining Medical Defendants without prejudice for improper joinder.   (Docket no. 73.)   Thus, Plaintiff's remaining claims are limited to his claims against the MDOC Defendants.

On January 14, 2015, the Court granted Plaintiff's Motion for Appointment of Counsel, noting that while Plaintiff had proceeded in this matter without counsel thus far, the nature of his discovery requests raised security concerns such that certain documents would need to be produced for attorney's eyes only, necessitating the appointment of counsel.   (Docket no. 97.) The Court also granted Defendants' Motion to Take Plaintiff's Deposition but required that Defendants wait to do so until Plaintiff's counsel is appointed.   (*Id.*)

Since that time, Plaintiff has filed several motions, eight of which are pending before the Court:

(1)    Plaintiff's Motion for Immediate Hearing on Petition for Preliminary Injunction, which asks the Court to order Defendants to transfer Plaintiff from the Chippewa Correction Facility and to strike docket no. 97 from the record because public access to the document is a danger to Plaintiff (docket no. 99);

(2)    Plaintiff's Motion to Expedite Appointment of Counsel to Facilitate Discovery, which asks the Court to expedite the appointment of counsel and allow Plaintiff to

3

inspect certain files (docket no. 106);

(3)     Plaintiff's Motion for Immediate Hearing, which asks the Court for an immediate

        hearing regarding his requests in docket no. 99 (docket no. 107);

(4)     Plaintiff's Motion for Expedited Review of Injunctive Relief Due to Imminent

        Danger, in which Plaintiff seeks the same relief as his docket no. 99 (docket no.

        108);

(5)     Plaintiff's Motion for Emergency Hearing on Injunctive Relief Due to Imminent

        Danger, in which Plaintiff seeks the same relief as his docket nos. 99 and 108

        (docket no. 109);

(6)     Plaintiff's Motion to Voluntarily Dismiss Petition for Immediate Injunction In Part,

        which notifies the Court that Defendants have transferred him from the Chippewa

        Correctional Facility to the Lakeland Correctional Facility, abrogating Plaintiff's

        need for transfer (docket no. 114);

(7)     Plaintiff's Motion to Compel Inspection of Discovery, which asks the Court to

        compel discovery for inspection by Plaintiff without counsel (docket no. 115); and

(8)     Plaintiff's Motion to Proceed Without Counsel with Supervised Discovery and

        Deposition, in which Plaintiff asks that the Court allow him to proceed without

        counsel and that he be permitted to inspect the discovery documents at issue in this

        matter with supervision of the Court (docket no. 116).

Defendants filed Responses to Plaintiff's Motions regarding injunctive relief, arguing that

Plaintiff's requests to be transferred should be denied but failing to address Plaintiff's request to

strike docket no. 97 from the record.   (Docket nos. 102, 110, and 111.)   Defendants also filed a

4

Response to Plaintiff's Motion to Compel Inspection of Discovery.  (Docket no. 116.)   All pretrial matters have been referred to the undersigned for consideration.  (Docket no. 40.)   The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  The Motions are now ready for ruling.[2]

## II.     Analysis

### A.     Plaintiff's Motions for Transfer and to Strike Docket no. 97

As noted, Plaintiff's Motions for Immediate Hearing (docket nos. 99 and 107), to Expedite Review (docket no. 108), and for Emergency Hearing (docket no. 109) all seek two forms of relief: (1) an order for Defendants to transfer Plaintiff to another facility; and (2) an order striking docket no. 97 from the record for safety reasons.  Since Plaintiff filed his Motions, Defendants have transferred him from the Chippewa Correctional Facility to the Lakeland Correctional Facility, prompting Plaintiff to file a Motion to withdraw his requests for such a transfer.  (Docket no. 114.)   The Court will grant his Motion to withdraw his request on these grounds.   The Court will also deny Plaintiff's Motions at docket nos. 107, 108, and 109 to the extent they seek cumulative relief or are now moot.

With regard to Plaintiff's request for the Court to strike docket no. 97, Plaintiff asserts that because the prison now provides online access to court records, any prisoner can read docket no. 97.  (*See* docket no. 99 at 1.)   Plaintiff asserts that because the Court confirms in docket no. 97 that Plaintiff has requested the personal information of specific prisoners, the information in the

_____

[2] While a motion for injunctive relief is to be addressed through a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Plaintiff has withdrawn his request for such relief. (Docket no. 114.)  To the extent Plaintiff's motions for injunctive relief are still before the Court, Plaintiff requests only that the Court strike (or seal as discussed further herein) docket no. 97.  Therefore, the Court will proceed with through an Opinion and Order under 28 U.S.C. § 636(b)(1)(A).

Order puts him in danger.   (*Id.* at 1-2.)   Plaintiff further claims that some prisoners have already read the document and that they have threatened him for being a "snitch" or a "rat."   (*See* docket no. 108 at 2.)

Despite Plaintiff filing five motions related to this request, Defendants have not responded. Therefore, Defendants have waived any objection.   Moreover, the Court finds Plaintiff's argument persuasive.   Nevertheless, Plaintiff's request to strike, or "remove" the document from the record is inappropriate; instead, the Court will grant Plaintiff's Motion in part and will seal docket no. 97 pursuant to Fed. R. Civ. P. 5.2 and E.D. Mich. Local Rule 5.3.

### B.      Plaintiff's Motions to Expedite Appointment of Counsel, Compel Inspection, and Proceed Without Counsel

As noted on January 14, 2015, the Court granted Plaintiff's Motion to Compel certain documents, subject to also granting Plaintiff's Motion for Appointment of Counsel and an "attorneys-eyes only" review because of the sensitive nature of the documents involved.   (*See* docket no. 97.)   Contrary to Plaintiff's assumptions, although the Court has not yet found counsel for Plaintiff, "all attorneys queried have [not] placed profit before principles."   (*See* docket no. 117 at 1.)   Moreover, the necessity for protecting the sensitive nature of the documents requested by Plaintiff has not subsided.   Allowing Plaintiff to review the personal files of other prisoners (even with the Court's supervision) raises security concerns.

Defendants note that they have complied with the Court's Order compelling discovery, they have compiled the requested documents, and they will produce them to Plaintiff's attorney when one is appointed.   (Docket no. 116 at 1-2.)   The Court will continue to seek an attorney to represent Plaintiff in this matter.   If the Court is unable to find counsel for Plaintiff, the Court will consider alternative means for proceeding with discovery in this matter.   Plaintiff's Motions

6

(docket nos. 106, 115, and 177) will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Immediate Hearing on Petition for Preliminary Injunction [99] is **GRANTED IN PART.**   The Court will seal docket no. 97.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Voluntarily Dismiss Petition for Immediate Injunction In Part [114] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Appointment of Counsel to Facilitate Discovery [106], Motion for Immediate Hearing [107], Motion for Expedited Review of Injunctive Relief Due to Imminent Danger [108], Motion for Emergency Hearing on Injunctive Relief Due to Imminent Danger [109], Motion to Compel Inspection of Discovery [115], and Motion to Proceed Without Counsel with Supervised Discovery and Deposition [116] are **DENIED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   August 13, 2015                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Mark White on this date.

Dated:   August 13, 2015                    s/ Lisa C. Bartlett
                                            Case Manager