UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

     Plaintiff,               CIVIL ACTION NO. 13-15073

vs.                          DISTRICT JUDGE AVERN COHN

                              MAGISTRATE JUDGE MONA K. MAJZOUB

ROSILYN JINDAL, et al.,

     Defendants.

_____/

**OPINION AND ORDER 1) GRANTING IN PART PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS DOC'S 134, 143, 146, 148 AND FOR ORAL ARGUMENTS ON SUMMARY JUDGMENT AND ONGOING CONCERNS OF IMMINENT DANGER [162]; 2) GRANTING IN PART PLAINTIFF'S MOTION TO SEAL RULINGS DUE TO IMMINENT DANGER AND SEEKING JUDICIAL NOTICE OF FACTS AND CURRENT IMMINENT DANGER [136]; AND 3) DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT SCHEDULING ORDER AND TAKE NOTICE OF IMMINENT DANGER [145]**

I.      **Background**

     Plaintiff Mark White, currently a prisoner at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed this pro se civil rights case on December 13, 2013. (Docket no. 1.) He originally alleged claims against a number of defendants related to his healthcare while imprisoned at the Gus Harrison Correctional Facility in Adrian, Michigan, but those claims have been dismissed based on the applicable statute of limitations and for improper joinder. (Docket no. 73 at 6-8.) His remaining claims relate to his refusal to "snitch" on fellow inmates and the alleged failure of Gus Harrison prison officials to properly protect him from gang members. (Docket no. 14 at 5-6.) He sues Defendant Paul Klee, the Warden at the Gus Harrison Facility; Defendant Lee

1

McRoberts, the Deputy Warden; and Defendant C. Condon, a Resident Unit Manager ("Defendants"), all in their official and individual capacities.   (*Id.* at 1.)

Plaintiff is subject to the three strikes rule in 28 U.S.C. § 1915(g)[1]  (*see White v. Heyns*, No. 13-cv-12104, docket no. 4, E.D. Mich. May 24, 2013); however, he has been allowed to proceed without prepayment of fees in this case because he was able to demonstrate that he was "under imminent danger of serious physical injury."   28 U.S.C. § 1915(g); *see also* docket no. 73 at 7. On April 22, 2014, Plaintiff obtained a Temporary Injunction requiring Defendants to "transfer plaintiff to an MDOC facility that does not have a 'high concentration' of members of the Gangster's Disciples prison gang."  (Docket no. 44 at 3.)   On June 24, 2014, however, the Temporary Injunction was vacated following a determination that Plaintiff was required to seek protection through Michigan Department of Corrections ("MDOC") administrative procedures before resorting to court-ordered relief.   (Docket no. 73 at 5-6.)

Since that time, Plaintiff has been transferred out of the Gus Harrison Facility.  He has continued his efforts to prosecute this case, however, by filing numerous "motions," many of which are confusing, repetitive, and procedurally improper.  Defendants respond sporadically. Since the dissolution of the Temporary Injunction, the Court has issued a number of orders to move the case along, most notably by appointing counsel for Plaintiff, on September 15, 2015. (Docket no. 121.)   On April 1, 2016, however, the Court granted Plaintiff's counsel's motion to withdraw from the case, following a "fundamental breakdown in the attorney-client relationship," which counsel alleged was "caused by [Plaintiff's] belligerent insistence upon taking action

---

[1] Under 28 U.S.C. § 1915(g), a court may revoke or deny a plaintiff's *in forma pauperis* status where the plaintiff has, on three or more prior occasions, suffered dismissal of civil rights claims on the ground that the claim was frivolous, malicious, or failed to state a claim upon which relief can be granted.

2

[counsel] believes to be legally unjustified." (Docket no. 133 at 6-7.)

There is currently a litany of Motions pending in this matter:

- Plaintiff's Motion for Emergency Hearing (docket no. 134);

- Plaintiff's Motion to Seal Rulings Due to Imminent Danger and Seeking Judicial Notice of Facts and Current Imminent Danger (docket no. 136);

- Plaintiff's Motion to Amend Complaint to Change the Title of Case and to Add Defendant (docket no. 141);

- Plaintiff's Motion of Correction to Motion for Emergency Hearing (docket no. 143);

- Plaintiff's Motion to Amend Scheduling Order and Take Notice of Imminent Danger (docket no. 145);

- Plaintiff's Emergency Motion for Immediate Temporary Injunction to Prevent Physical Injury or Death (docket no. 146);

- Plaintiff's Motion in Support of Motion to Amend and Proof of Ongoing Imminent Danger (docket no. 148);

- Plaintiff's Motion Nunc Pro Tunc to Dismiss Docket #141 and Adopt Amended Complaint as Filed Exhibit A in Docket #128 (docket no. 149);

- Plaintiff's Motion for Contempt and Sanctions (docket no. 150);

- Plaintiff's Second Motion for Contempt - Sanctions, Request for Investigation, Attorney Misconduct - Conspiracy with Non-Parties - Deliberate Deceptive Practices - Threats - Intimidation - Injunctive Relief Requested (docket no. 152);

- Defendants' Motion for Rule 11 Sanctions (docket no. 153);

- Defendants' Motion for Summary Judgment (docket no. 158);

- Plaintiff's Motion to Voluntarily Dismiss Doc's 134, 143, 146, 148 and for Oral Arguments on Summary Judgment and Ongoing Concerns of Imminent Danger (docket no. 162).

The Undersigned has addressed Plaintiff's Motion to Amend Complaint to Change the

Title of Case and to Add Defendant (docket no. 141), Plaintiff's Motion Nunc Pro Tunc to Dismiss

3

Docket #141 and Adopt Amended Complaint as Filed Exhibit A in Docket #128 (docket no. 149), the parties' motions for contempt/sanctions (docket nos. 150, 152, 153), and Defendants' Motion for Summary Judgment (docket no. 158) in a Report and Recommendation filed concurrently with this Opinion and Order. The Court will address the remaining motions herein. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 12.) The undersigned dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## II.     Analysis

### A.     Plaintiff's Motion to Voluntarily Dismiss Doc's 134, 143, 146, 148 and for Oral Arguments on Summary Judgment and Ongoing Concerns of Imminent Danger [162]

As the title of this Motion makes clear, Defendant seeks to voluntarily dismiss, or withdraw, several different motions. (Docket no. 162.) He also requests oral argument regarding Defendants' Motion for Summary Judgment and his ongoing concerns of imminent danger. (*Id.*) Defendants did not file a response to the Motion.

The Court will grant the Motion (docket no. 162) in part and deny in part. Specifically, the Court will allow Plaintiff to voluntarily withdraw docket nos. 134, 143, 146, and 148. These motions (docket nos. 134, 143, 146, and 148) all relate to allegedly dangerous conditions at the Oaks Correctional Facility, also referred to as "ECF," and all essentially request transfer from the Oaks Facility. As he explains in the Motion, Plaintiff was transferred from the Oaks Facility on September 5, 2016, rendering each of the motions identified in the Motion to Voluntarily Dismiss moot. (Docket no. 162.) Of the motions Plaintiff seeks to withdraw, Defendants only filed a Response to docket no. 134, and in their Response, Defendants also take the position that the

4

motion is moot.   (Docket no. 138 at 2.)   Defendants therefore are not prejudiced by Plaintiff's voluntary withdrawal of docket nos. 134, 143, 146, and 148.

Plaintiff also requests oral argument regarding Defendants' Motion for Summary Judgment and his ongoing concerns of imminent danger.   (Docket no. 162.)   Included in docket no. 162 is a Response to Defendants' Motion for Summary Judgment.[2]   As explained in the concurrently issued Report and Recommendation, however, the Court recommends that Defendants' Motion for Summary Judgment (docket no. 158), be denied as moot, in light of the fact that the Court also recommends Plaintiff be allowed to file a second amended complaint.   The Court therefore will not consider Plaintiff's Response to Defendants' Motion for Summary Judgment contained within docket no. 162, and will deny Plaintiffs' request for oral argument on the Motion for Summary Judgment as moot.

### B.   Plaintiff's Motion to Seal Rulings Due to Imminent Danger and Seeking Judicial Notice of Facts and Current Imminent Danger [136]

In Plaintiff's Motion to Seal Rulings Due to Imminent Danger and Seeking Judicial Notice of Facts and Current Imminent Danger (docket no. 136), Plaintiff asks the Court to seal one Opinion and Order (docket no. 97), one Report and Recommendation (docket no. 98), and two Orders (docket nos. 131, 133).   Plaintiff states that these "rulings contain information about other inmates or statements by the Court that can be accessed by any inmate . . . and are dangerous to Plaintiff's health and safety."   (Docket no. 136 at 1.)   Defendants did not respond to the Motion.

Docket no. 97 is the Court's Opinion and Order from January 14, 2015.   It quotes from Plaintiff's discovery requests for the disciplinary and psychiatric records of certain inmates.

---

[2] The Motion to Voluntarily Dismiss Doc's 134, 143, 146, 148 and for Oral Arguments on Summary Judgment and Ongoing Concerns of Imminent Danger and the Response to Defendant's Motion for Summary Judgment are two separate documents; however, they were mailed together and filed together as one docket entry.

(Docket no. 97 at 6.)   Docket no. 98 is a Report and Recommendation from February 7, 2015. The Court quotes Plaintiff's Amended Complaint and Motion for Summary Judgment, in which Defendant makes allegations about these same inmates.   (Docket no. 98 at 5.)   Docket nos. 131 and 133 are both Orders in which the Court either quotes the same discovery requests or references its decision in docket no. 97.   (*See* docket no. 131 at 6; docket no. 133 at 4-5.)

The Court has already ordered the sealing of Docket no. 97.   (Docket no. 119 at 6.)   For the same reasons the Court granted Plaintiff's prior request, the Court will grant Plaintiff's instant request and order the sealing of docket nos. 98, 131, and 133 in accordance with Eastern District of Michigan Local Rule 5.3, and Federal Rule of Civil Procedure 5.2.

The Court will not, however, entertain any further requests or motions to seal documents unless Defendant provides specific reasons to support the sealing, particularly in light of the fact that Plaintiff has been transferred away from Gus Harrison Facility, where it appears the named inmates are housed, and away from Chippewa Facility, where Plaintiff was housed when he originally requested the sealing of docket no. 97.   (*See* docket nos. 82 at 9-10, 99 at 1-2.)   The general statement that information is "dangerous to Plaintiff's health and safety" is inadequate. Only by reference to the Court's prior Order from August 2015 (docket no. 119 at 5-6), was the Court able to determine why the information in docket nos. 98, 131, and 133 might be dangerous to Plaintiff.

In the Motion to Seal, Plaintiff also asks the Court to take judicial notice of a number of factual allegations that bear no relevance to the Motion to Seal.   Plaintiff cites no authority in support of his request.   Assuming Plaintiff seeks judicial notice of these allegations to support his claims for trial, in reliance on Federal Rule of Evidence 201, the Court will deny Plaintiff's request

6

because Plaintiff has not provided any sources "whose accuracy cannot reasonably be questioned" for his allegations. Fed. R. Evid. 201(b)(2). Moreover, even if Plaintiff could produce such sources, the Court would still deny his request because it is improperly combined with his Motion to Seal.

### C.    Plaintiff's Motion to Amend Scheduling Order and Take Notice of Imminent Danger [145]

Plaintiff's Motion to Amend Scheduling Order and Take Notice of Imminent Danger (docket no. 145), consists chiefly of a complaint that his former attorney never gave him a copy of the first scheduling order, a reiteration of his concerns about his safety at the Oaks Correctional Facility (from which he has already been transferred), and complaints about the Oaks librarian. He asks the Court to "modify and reissue a scheduling order, take notice of current and future danger and the unconstitutional unwritten practices regarding legal copies and legal mail for indigents, and any other appropriate relief." (Docket no. 145 at 3.) Defendants did not respond.

Under Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for "good cause and with the judge's consent." "In order to establish 'good cause,' parties must show that 'despite their diligence they could not meet the original deadline.'" *Morgan v. Blust & Driscoll Holdings, LLC*, No. 08-15027, 2010 WL 1524002, at *2 (E.D. Mich. Apr. 15, 2010) (citation omitted). "In deciding whether the 'good cause' standard is met, it is also important to consider 'whether the opposing party will suffer prejudice' due to the schedule modification." *Id.* (citation omitted). The Court will deny the Motion at this stage in the proceedings for failure to show good cause, and because it is likely moot in light of the proposed second amended complaint, which is discussed in the concurrently issued Report and

Recommendation.

All other forms of relief Plaintiff requests in his Motion to Amend the Scheduling Order (docket no. 145) will also be denied.   As in his Motion to Seal (docket no. 136), Plaintiff appears to ask the Court to take "judicial notice" of unsupported allegations and conclusions of law which are totally unrelated to the Motion to Amend the Scheduling Order, *e.g.*, "take notice of current and future danger and the unconstitutional unwritten practices regarding legal copies and legal mail for indigents . . . ."   (Docket no. 145 at 3.)

In the future, Plaintiff is advised to be specific and concise in any motion he files, with allegations only related to the relief he seeks through the motion.   Plaintiff also should not request multiple forms of unrelated relief in the same motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Voluntarily Dismiss Doc's 134, 143, 146, 148 and for Oral Arguments on Summary Judgment and Ongoing Concerns of Imminent Danger [162] is **GRANTED IN PART** and **DENIED IN PART**.   Docket nos. 134, 143, 146, and 148 will be withdrawn.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal Rulings due to Imminent Danger and Seeking Judicial Notice of Facts and Current Imminent Danger [136] is **GRANTED IN PART**.   Docket nos. 98, 131, and 133 will be sealed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Scheduling Order and Take Notice of Imminent Danger [145] is **DENIED.**

<u>**NOTICE TO THE PARTIES**</u>

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under

28 U.S.C. 636(b)(1).


Dated:     October 20, 2016          s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Mark White on this date.

Dated: October 20, 2016          s/ Lisa C. Bartlett
                                 Case Manager

9