UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

    Plaintiff,                             CIVIL ACTION NO. 13-15073

vs.                                     DISTRICT JUDGE AVERN COHN

                                         MAGISTRATE JUDGE MONA K. MAJZOUB

ROSILYN JINDAL, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

       Plaintiff Mark White, currently imprisoned at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed this pro se civil rights case on December 13, 2013.  (Docket no. 1.)  He originally alleged claims against a number of defendants related to his healthcare while imprisoned at the Gus Harrison Correctional Facility in Adrian, Michigan, but those claims have been dismissed based on the applicable statutes of limitations and for improper joinder.  (Docket no. 73 at 6-8.)  His remaining claims relate to his refusal to "snitch" on fellow inmates and the alleged failure of Gus Harrison prison officials to properly protect him from gang members.  (Docket no. 14 at 5-6.)  He sues Defendant Paul Klee, the Warden at the Gus Harrison Facility; Defendant Lee McRoberts, the Deputy Warden; and Defendant C. Condon, a Resident Unit Manager ("Defendants" or "MDOC Defendants"), all in their official and individual capacities (*Id.* at 1.)

Plaintiff is subject to the three strikes rule in 28 U.S.C. § 1915(g)[1] (*see White v. Heyns*, No. 13-12104, docket no. 4, E.D. Mich. May 24, 2013); however, he has been allowed to proceed without prepayment of fees in this case because he was able to demonstrate that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also* docket no. 73 at 7. On April 22, 2014, Plaintiff obtained a Temporary Injunction requiring Defendants to "transfer plaintiff to an MDOC facility that does not have a 'high concentration' of members of the Gangster's Disciples prison gang." (Docket no. 44 at 3.) On June 24, 2014, however, the Temporary Injunction was vacated following a determination that Plaintiff was required to seek protection through Michigan Department of Corrections ("MDOC") administrative procedures before resorting to court-ordered relief. (Docket no. 73 at 5-6.)

Since that time, Plaintiff has been transferred out of the Gus Harrison Facility. He has continued his efforts to prosecute this case, however, by filing numerous "motions," many of which are confusing, repetitive, and procedurally improper. Defendants respond sporadically. Since the dissolution of the Temporary Injunction, the undersigned has issued a number of orders to move the case along, most notably by appointing counsel for Plaintiff, on September 15, 2015. (Docket no. 121.) On April 1, 2016, however, the Court granted Plaintiff's counsel's motion to withdraw from the case, following a "fundamental breakdown in the attorney-client relationship," which counsel alleged was "caused by [Plaintiff's] belligerent insistence upon taking action [counsel] believes to be legally unjustified." (Docket no. 133 at 6-7.)

There is currently a litany of Motions pending in this matter:

---

[1] Under 28 U.S.C. § 1915(g), a court may revoke or deny a plaintiff's *in forma pauperis* status where the plaintiff has, on three or more prior occasions, suffered dismissal of civil rights claims on the ground that the claim was frivolous, malicious, or failed to state a claim upon which relief can be granted.

2

- Plaintiff's Motion for Emergency Hearing (docket no. 134);

- Plaintiff's Motion to Seal Rulings Due to Imminent Danger and Seeking Judicial Notice of Facts and Current Imminent Danger (docket no. 136);

- Plaintiff's Motion to Amend Complaint to Change the Title of Case and to Add Defendant (docket no. 141);

- Plaintiff's Motion of Correction to Motion for Emergency Hearing (docket no. 143);

- Plaintiff's Motion to Amend Scheduling Order and Take Notice of Imminent Danger (docket no. 145);

- Plaintiff's Motion for Immediate Temporary Injunction to Prevent Physical Injury or Death (docket no. 146);

- Plaintiff's Motion in Support of Motion to Amend and Proof of Ongoing Imminent Danger (docket no. 148);

- Plaintiff's Motion Nunc Pro Tunc to Dismiss Docket #141 and Adopt Amended Complaint as Filed Exhibit A in Docket #128 (docket no. 149);

- Plaintiff's Motion for Contempt and Sanctions (docket no. 150);

- Plaintiff's Second Motion for Contempt - Sanctions, Request for Investigation, Attorney Misconduct - Conspiracy with Non-Parties - Deliberate Deceptive Practices - Threats - Intimidation, Injunctive Relief Requested (docket no. 152);

- Defendants' Motion for Rule 11 Sanctions (docket no. 153);

- Defendants' Motion for Summary Judgment (docket no. 158);

- Plaintiff's Motion to Voluntarily Dismiss Doc's 134, 143, 146, 148 and for Oral Arguments on Summary Judgment and Ongoing Concerns of Imminent Danger (docket no. 162).

The undersigned will address five of the pending motions through this Report and Recommendation: 1. Plaintiff's Motion Nunc Pro Tunc to Dismiss Docket #141 and Adopt Amended Complaint as Filed Exhibit A in Docket #128 (docket no. 149); 2. Plaintiff's Motion for Contempt and Sanctions (docket no. 150); 3. Plaintiff's Second Motion for Contempt -

Sanctions, et cetera (docket no. 152); 4. Defendants' Motion for Rule 11 Sanctions (docket no. 153); and 5. Defendants' Motion for Summary Judgment (docket no. 158).[2]

## I. RECOMMENDATION

For the reasons that follow, the undersigned recommends that Plaintiff's Motion Nunc Pro Tunc to Dismiss Docket #141 and Adopt Amended Complaint as Filed Exhibit A in Docket #128 (docket no. 149) be **GRANTED IN PART**; that both of Plaintiff's motions for contempt/sanctions (docket nos. 150, 152) be **DENIED**; that Defendants' Motion for Rule 11 Sanctions (docket no. 153) be **DENIED WITHOUT PREJUDICE**; and that Defendants' Motion for Summary Judgment (docket no. 158) be **DENIED WITHOUT PREJUDICE**.

## II. REPORT

The factual history of this case is recounted in detail in an Opinion and Order filed on January 14, 2015 (docket no. 97) and Order filed on April 1, 2016 (docket no. 133), among other places, and will only be repeated or expanded herein to the extent necessary to explain the recommendations stated above. This Report will address Plaintiff's Motion Nunc Pro Tunc to Dismiss Docket #141 and Adopt Amended Complaint as Filed Exhibit A in Docket #128 (docket no. 149) first, followed by Defendants' Motion for Summary Judgment (docket no. 158), and last, the parties' motions for sanctions (docket nos. 150, 152, 153).

### A. Background

Plaintiff filed his original pro se complaint and motion for a temporary injunction on December 13, 2013. (Docket nos. 1, 3.) Of the MDOC Defendants, that complaint named only

---

[2] The other outstanding motions will be addressed through an Opinion and Order entered concurrently with this Report and Recommendation.

Defendant Klee, alleging that Klee violated Plaintiff's rights under the First, Fifth, Eighth, and Fourteenth Amendments when he "placed plaintiff in grave personal danger of death or physical injury in violation of MDOC policy." (Docket no. 1 at 4.) Plaintiff's only request for relief against Defendant Klee was for "immediate injunctive treatment & transfer to prevent death or physical injury." (*Id.*)

On February 11, 2014, Plaintiff filed his Amended Complaint. (Docket no. 14.) The Amended Complaint adds Defendants McRoberts and Condon. (*Id.* at 1.) It largely repeats the allegations made in the first complaint but also adds some factual detail. Specifically, Plaintiff alleges that he was elected to the Warden's Forum in October 2013. (*Id.* at 5.) In this position, Plaintiff was to bring complaints to his unit manager and Defendant Klee. (*Id.*) Plaintiff alleges that due to an "explosion of thefts & fights due to gang activity" in November 2013, Plaintiff was asked by his assistant unit managers, King and Donaghy, to provide information about individual gang members. Plaintiff "felt pressured and threatened," because one gang, the Gangster Disciples, "has been known to stab inmates for merely saying their names out loud." (*Id.*) So, he refused to provide any information. He met with Defendants on November 21, 2013, and again refused to provide information about the gangs. Plaintiff alleges that, due to his refusal, Defendants began retaliating against him. He describes incidents of King and Donaghy taking his property and issuing "major misconducts" against him, Defendant Condon implying loudly and within earshot of other inmates that Plaintiff was a "snitch" during a misconduct hearing, and being moved to a prison unit with "numerous gangsters disciples," where he was threatened and physically assaulted. (*Id.* at 6.)

Plaintiff contends that Defendants' actions amount to a conspiracy to punish him for

5

exercising his First Amendment rights, and that Defendants are "refusing to provide proper protection" in violation of the Eighth Amendment. (*Id.* at 7.) As in his original complaint, in his Amended Complaint, Plaintiff seeks only injunctive relief against the MDOC Defendants: a "transfer and permanent restriction of placement in any facility [Defendants] are assigned to, or any Adrian Facility." (*Id.* at 8.)

Plaintiff filed his Second Motion to Amend Complaint on April 21, 2014. (Docket no. 43.) Through that motion, he attempted to add an allegation that Defendants Klee and McRoberts allowed the librarian at Gus Harrison to deny him the ability to make copies of his pleadings and exhibits for this case. (*Id.* at 1-2.) He also included a request for monetary damages against all of the MDOC Defendants. (*Id.* at 2.) Defendants objected, and the Court denied the Motion, finding that Plaintiff's proposed amendments would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), because Plaintiff failed to exhaust his administrative remedies regarding the new allegations. (Docket no. 55 at 3-4.)

On February 23, 2016, Plaintiff filed a Motion to Re-File Motion to Amend Complaint & Amend Complaint and Response to Plaintiff Counsel's Motion to Withdraw. (Docket no. 128.) In this version of the complaint, Plaintiff reiterates his claims from the Amended Complaint at docket no. 14, and adds new claims against Defendants related to an incident from February 2013 involving "C/O Thompson," (*id.* at 9) as well as new claims related to incidents that took place after (and allegedly in retaliation for) the filing of his original complaint and the court's granting his request for a temporary injunction. (*Id.* at 10-11.) He argues that all of the Defendants' actions indicate an "unwritten rule, practice, custom, [or] habit to punish prisoners that refuse to become 'snitches.'" (*Id.* at 9.) He again attempts to assert the claims related to the

6

librarian at Gus Harrison. (*Id.* at 10.) He also adds claims under 42 U.S.C. § 1985(3) and the Michigan Government Tort Liability Act, M.C.L. §§ 691.1401-1407.

In this version of the complaint, Plaintiff requests "punitive, declaratory, compensatory and future damages against each named defendant in excess of $25,000," as well as "future injunctions and restraining orders against any further placement at a facility with the named Defendants and inmates named in this action" and "any further relief deemed just and appropriate." (*Id.* at 20.)

Defendants did not object to docket no. 128. The undersigned denied the motion on April 1, 2016, because Plaintiff combined it with a response to his attorney's motion to withdraw, and because he was actually represented by counsel at the time he filed the motion. (Docket no. 133 at 7-8.) The Order denying docket no. 128, however, specifically provides that "nothing in this order prevents Plaintiff from filing a Motion to Amend if he chooses to do so following his counsel's withdrawal." (*Id.* at 8.)

Four weeks later, after Plaintiff's counsel withdrew, Plaintiff did file a standalone Motion to Amend Complaint to Change the Title of Case and to Add Defendant. (Docket no. 141.) In this Motion, Plaintiff attempted to add the Deputy Director of Transfers for MDOC, K. McKee, as a defendant and to assert a claim against him for conspiring with the existing Defendants to transfer him to a facility known for housing large numbers of Gangster Disciples in retaliation for Plaintiff filing this case. (*Id.* at 10, 12, 21-22.) Other than the new allegations relating to Deputy Director McKee and Plaintiff's transfers in 2015 and 2016, this proposed second amended complaint is identical to the one in docket no. 128. Defendants objected to docket no. 141, but only on the basis that Plaintiff's new allegations took place in facilities in the Western

7

District of Michigan, and therefore the Eastern District is not the appropriate venue for the new claims. (Docket no. 144 at 2-3.)

Before docket no. 141 was resolved, Plaintiff filed his Motion Nunc Pro Tunc to Dismiss Docket #141 and Adopt Amended Complaint as Filed Exhibit A in Docket #128, on June 1, 2016. (Docket no. 149.) In this Motion, Plaintiff explains that he filed suit against Deputy Director McKee in the Western District of Michigan in response to Defendants' objection to docket no. 141.[3] (*Id.* at 2.) He therefore requests that docket no. 141 be withdrawn from the docket, and that his proposed amended complaint contained in docket no. 128 be adopted as his second amended complaint. (*Id.* at 3.) Defendants did not object to docket no. 149.

On August 29, 2016, while Plaintiff's motions at docket nos. 141 and 149 were pending, Defendants filed their Motion for Summary Judgment (docket no. 158) on Plaintiff's Amended Complaint at docket no. 14. Plaintiff filed a Response on September 26, 2016 (docket no. 162 at 3), and Defendants filed a Reply on October 10, 2016. (Docket no. 164.)

The parties have also both filed motions for sanctions. Plaintiff filed his first Motion for Contempt and Sanctions, on June 9, 2016 (docket no. 150), to which Defendants responded on June 23, 2016 (docket no. 151). Plaintiff then filed his Second Motion for Contempt - Sanctions, et cetera, on July 13, 2016. (Docket no. 152.) Defendants did not respond to that Motion, but did file their own Motion for Rule 11 Sanctions on August 1, 2016. (Docket no. 153.) Plaintiff filed a Response on August 24, 2016. (Docket no. 157.)

**B. Law and Analysis**

---

[3] That case has since been dismissed without prejudice due to Plaintiff's failure to prosecute following the court's application of the three strikes rule. *White v. McKee*, case no. 16-cv-00601, docket no. 7 (W.D. Mich. July 29, 2016).

       *1.*     *Plaintiff's Motion Nunc Pro Tunc to Dismiss Docket #141 and Adopt Amended Complaint as Filed Exhibit A in Docket #128 [149]*

As a preliminary matter, this Motion (docket no. 149), should be interpreted as a motion to withdraw docket no. 141, and for leave to file a second amended complaint.[4]

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Factors relevant to the determination of whether to permit an amendment include "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). "Although Rule 15(a) indicates that leave to amend shall be freely granted, a party must act with due diligence if it intends to take advantage of the Rule's liberality." *U.S. v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995) (citation omitted). "Delay alone . . . does not justify the denial of leave to amend. Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail." *Sec. Ins. Co. of Hartford v.*

---

[4] Plaintiff's Motion incorporates by reference exhibit A to docket no. 128, and therefore fails to comply with Eastern District of Michigan Local Rule 15.1, which requires that a copy of the entire proposed amended pleading be attached and specifically prohibits the incorporation of any prior pleading by reference. Nevertheless, failure to comply with the rule is not grounds for denial of the Motion. E.D. Mich. LR 15.1.

*Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995). The decision whether to grant a motion to amend is within the sound discretion of the court. *Perkins*, 246 F.3d at 605.

Defendants did not allege any prejudice or futility to the proposed second amended complaint in docket no. 128. Indeed, they never objected to docket no. 128 at all (or to docket no. 149, which seeks the adoption of the proposed second amended complaint in docket no. 128). As explained above, Plaintiff's Motion at 128 was denied for essentially procedural reasons, and in so denying, the undersigned specifically noted that Plaintiff was not prohibited from filing a future motion to amend. (Docket no. 133 at 8.) In response, and only four weeks later, Plaintiff did in fact file a new Motion to Amend, at docket no. 141. When Defendants objected to this Motion to Amend, they objected to the addition of the claims against Deputy Director McKee and those claims related to facilities in the Western District of Michigan. (*See* docket no. 144.) They did not object to Plaintiff's request for monetary damages or to the additional claims against the existing Defendants as prejudicial or untimely.

Given this chain of events, it cannot be said that Plaintiff was dilatory, acted in bad faith, or unduly delayed the case in filing docket no. 149 asking for the adoption of the his second proposed amended complaint in docket no. 128. The undersigned notes that in their Reply to Plaintiff's Response to Motion for Summary Judgment (docket no. 164), Defendants argue for the first time that they would be prejudiced if Plaintiff were allowed to request monetary damages at this point in the case, because thus far they "have avoided the more expensive discovery processes involved with getting into medical records, medical testimony, and possibly expert witnesses," and because they "relied on the complaint in drafting their summary-judgment arguments." (*Id.* at 3.) The Court finds that any prejudice Defendants would suffer from

10

allowing Plaintiff to amend his complaint would be minimal. Defendants filed their Motion for Summary Judgment while Plaintiff's Motions to Amend at docket nos. 141 and 149 were still pending. Moreover, any necessary additional discovery into Plaintiff's alleged monetary damages and other new claims can be addressed once the court decides whether to adopt this Report and Recommendation.[5]

Finally, while some of the additional claims in the proposed second amended complaint in docket no. 128 appear to be futile,[6] Defendants have not taken that position regarding all of the additional claims. Indeed, Defendants appear to concede the need for discovery regarding Plaintiff's request for monetary damages. (Docket no. 164 at 3.) Rather than ordering Plaintiff to file a corrected proposed second amended complaint which excludes certain claims, however, and in light of the fact that Defendants have not raised a futility argument relating to docket nos. 149 or 128, the undersigned recommends allowing Plaintiff to withdraw his Motion to Amend at docket no. 141[7] and adopting the complaint in ex. A to docket no. 128 as Plaintiff's second amended complaint, thereby granting Plaintiff's Motion at docket no. 149 in part.

In docket no. 149, Plaintiff further requests that the record in this case be "corrected" to reflect that he filed docket no. 128 on June 25, 2015, when he claims he first attempted to file it. (Docket no. 149 at 2-3.) He also asks that Defendants be ordered "to respond to the Amended

---

[5] The prejudice factor will, however, become increasingly significant going forward.

[6] For example, the undersigned previously denied Plaintiff's request to add claims related to Defendants' supervision of the Librarian at the Gus Harrison Facility on futility grounds. (Docket no. 55 at 3-4.) Plaintiff asserts a similar claim in the proposed second amended complaint in docket no. 128.

[7] It is worth noting that docket no. 148 was filed in support of docket no. 141, and therefore would be rendered moot by the withdrawal of docket no. 141. However, Plaintiff requested the withdrawal of docket no. 148 in a separate motion (*see* docket no. 162), which request the undersigned granted in the concurrently issued Opinion and Order.

11

Complaint as filed on June 25, 2015." (*Id.* at 3.) It is recommended that these additional requests for relief be denied.

### 2. *Defendants' Motion for Summary Judgment [158]*

As noted above, while Plaintiff's two motions to amend were pending, Defendants filed a Motion for Summary Judgment. (Docket no. 158.) One of Defendants' primary arguments is that the entire case is moot because Plaintiff has been transferred from Gus Harrison Facility and Plaintiff failed to request monetary damages in his first Amended Complaint. Plaintiff's proposed second amended complaint requests monetary damages, however. It also adds new claims and allegations regarding existing claims. Thus, because the undersigned recommends allowing Plaintiff to adopt the second amended complaint, the undersigned also recommends denying Defendants' Motion for Summary Judgment (docket no. 158) without prejudice.

Furthermore, Defendant Klee previously filed a Motion for Summary Judgment (docket no. 27), which was denied. (Docket no. 73 at 5.) Defendant Klee has not requested leave to file an additional motion for summary judgment, and therefore his joining in the Defendants' Motion for Summary Judgment violates Eastern District of Michigan Local Rule 7.1(b)(2).

### 3. *Plaintiff's Motions for Sanctions/Contempt [150, 152]*

Plaintiff filed a Motion for Contempt and Sanctions on June 9, 2016. (Docket no. 150.) Defendants responded on June 23, 2016. (Docket no. 151.) Before the first Motion could be resolved, Plaintiff filed a Second Motion for Contempt - Sanctions, et cetera, on July 13, 2016. (Docket no. 152.) It is recommended that Plaintiff's two motions be denied.

Both motions relate in part to discovery Defendants were ordered to produce in an Opinion and Order dated January 14, 2015. (*See* docket no. 97 at 8-14.) In the first Motion,

12

Plaintiff requests "immediate contempt proceedings against [Defendants' counsel Schneider] for refusal to comply with discovery and complicity with non-party MDOC officials to harass and oppress Plaintiff" and a "civil contempt fine of $1,500.00," among other forms of relief. (Docket no. 150 at 9.) In the second motion, Plaintiff requests an order directing "Compliance With All Discovery Requests," and "an Appropriate Fine and Compensation to Plaintiff For The Numerous Attempts to Have Defendants Follow Court Orders and Rules," among other forms of relief. (Docket no. 152 at 6.)

Federal Rule of Civil Procedure 37(b)(2)(A) discusses sanctions for a party's failure to obey a discovery order. Rule 37(b)(2)(A) authorizes sanctions in the form of:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(C) further provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Regarding the discovery at issue, the undersigned previously took judicial notice of certain facts contained in some of the documents Defendants were ordered to produce. (Docket no. 133 at 4-6.) After Plaintiff filed his first Motion for Contempt and Sanctions (docket no. 150), counsel for Defendants mailed to Plaintiff a copy of the remaining document, an email, as

13

indicated in a letter Plaintiff attaches to his second Motion for Contempt - Sanctions. (*See* docket no. 152 at 12-13.) Counsel writes in the letter that, "since I am new to this file, I do not know when these documents were previously provided – I do not know either if you received them or just your attorney." (*Id.* at 13.) A representative from MDOC previously swore in an affidavit dated March 30, 2015, that he provided a copy of the email "for attorney eyes only review." (*See* Affidavit of Virgil Webb, Docket no. 116-2 at 2-3.) It isn't clear whether Plaintiff's attorney provided him with a copy of the email after she withdrew from the case on April 1, 2016, or whether Defendants otherwise produced the email for Plaintff. Regardless, Plaintiff does have a copy of the email now. He does not allege any harm or prejudice in either contempt/sanction motion resulting from any alleged delay in receiving a copy of the email. In the second Motion, which he filed after he received the email and therefore when he was aware of the contents of the email, he does not discuss or even briefly mention the significance of the email to his case. Moreover, he is proceeding pro se and *in forma pauperis* and therefore did not incur any expenses or costs in filing the motions for contempt or sanctions.

Under these circumstances, where Defendants produced the discovery to Plaintiff's former attorney, and where Plaintiff fails to allege any harm or prejudice associated with any alleged delay in receiving a copy of the email after counsel withdrew from the case, the undersigned recommends Plaintiff's requests for sanctions against Defendants associated with discovery in these two motions (docket nos. 150, 152) be denied.[8]

---

[8] Plaintiff also briefly mentions a subpoena that he mailed to counsel for Defendants on June 28, 2016. (Docket no. 152 at 2.) He doesn't explain what discovery he was seeking in the subpoena except to say that "some of the materials were previously requested in Docket #117." (*Id.*) Counsel for Defendants indicates (in the same attached letter mentioned above), that the subpoena was improperly served, and furthermore that counsel did not have any of the documents Plaintiff sought through the subpoena. (*Id.* at 12.) To the extent Plaintiff requests that Defendants be ordered to produce any discovery related to this subpoena, the undersigned recommends that the

14

Through these motions, Plaintiff also alleges that officials at the Oaks Facility have impeded his access to the prison library in violation of MDOC policy and the Constitution, have not allowed him to make copies of certain documents related to his case, and failed to mail a specific pleading. In the second Motion, Plaintiff also alleges "misconduct" during his deposition, specifically the presence of non-party MDOC personnel, one of which took notes during the deposition and another which allegedly threatened Plaintiff not to make objections. (Docket no. 152 at 2.) Plaintiff requests an "immediate criminal investigation by federal authorities," an "emergency teleconference over the criminal actions, court access, contempt, contempt fines, [and] protective placement," declaratory relief relating to the interpretation of prison policy, a second investigation "into misconduct during the deposition," and an order granting "previous requests and orders on access to law, copies and mailing." (Docket nos. 150 at 9; 152 at 6.) As Defendants point out in their Response to the first motion, the allegations related to these requests do not appear to implicate Defendants in any way because Defendants do not work at Oaks Facility. Moreover, Plaintiff has been transferred from Oaks Facility. Finally, with the possible exception of the alleged "misconduct" during Plaintiff's deposition, these allegations bear no relevance to discovery, which appears to be Plaintiff's primary reason for filing the motions. For these reasons, the undersigned recommends that all other forms of relief Plaintiff requests in his motions for contempt/sanctions (docket nos. 150, 152) be denied.

### 4. *Defendants' Motion for Sanctions [153]*

Defendants filed a Motion for Rule 11 Sanctions on August 1, 2016. (Docket no. 153.) They argue that Plaintiff's first Motion for Contempt and Sanctions (docket no. 150) warrants

---

request be denied.

Rule 11 sanctions in the form of dismissal of this case. Alternatively, they ask that Plaintiff be warned against filing further frivolous motions or risk dismissal. They also ask for "permission to not be required to respond to any filing that the plaintiff makes unless the Court orders a response." (Docket no. 153 at 7.)

> Rule 11 provides that:
>
> By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry under the circumstances:
>
>> (1) it is not being presented for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>>
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c). The imposition of Rule 11 sanctions is discretionary, not mandatory. *Hartlep v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir. 1996).

Defendants contend that Plaintiff filed his first Motion for Contempt and Sanctions (docket no. 150) to harass Defendants and to needlessly increase the cost of litigation. (Docket no. 153 at 4-5.) They further contend that Plaintiff's arguments in the Motion are totally

frivolous, and that Plaintiff makes false accusations against defense counsel regarding discovery. (*Id.* at 3-5.)

Defendants make some valid points. It is difficult to parse through Plaintiff's Motion to determine whether his allegations have any basis in fact, or whether they are relevant to the relief he seeks in the motion or to the claims he asserts against Defendants in his Amended Complaint or proposed second amended complaint. As mentioned briefly above, Plaintiff alleges numerous violations of MDOC library policy by officials at the Oaks Facility, none of whom are named defendants in this case. (*See generally* docket no. 150.) To support his allegations, he attaches copies of grievances he has filed that have been rejected. (*Id.* at 16-20.) He then appears to rely upon the rejections as proof that Oaks officials were conspiring against him. In his Second Motion for Contempt and Sanctions, he seems to allege that counsel for Defendants is orchestrating the whole conspiracy. (Docket no. 152 at 4.) He bases this accusation primarily on the fact that counsel scheduled Plaintiff's deposition for a time when MDOC Deputy Director of Transfers, K. McKee, would be present at Oaks Facility, and the fact that counsel laughed and "made a sarcastic remark over this court's ruling on grievance exhaustion" during the deposition. (*Id.*) These facts do not support a claim that there was a conspiracy against Plaintiff or that defense counsel was orchestrating anything.

As Defendants point out in their Motion however, dismissal of the case is a very harsh result. In the undersigned's opinion, it is not warranted at this time, as Plaintiff has not previously been warned. Plaintiff is now on notice to keep any future motions specific and concise, with properly supported allegations that relate only to the relief he seeks through the motion. As for Defendants' request that they be given "permission to not be required to respond

17

to any filing that the plaintiff makes unless the Court orders a response" (docket no. 153 at 7), such permission is not necessary. Nothing in the Federal Rules of Civil Procedure or the Eastern District of Michigan Local Rules requires a response to any specific motion or pleading.

It is therefore recommended that Defendants' Motion for Rule 11 Sanctions be denied without prejudice.

### C. Conclusion

For the above-stated reasons, the undersigned recommends that Plaintiff's Motion Nunc Pro Tunc to Dismiss Docket # 141 and Adopt Amended Complaint as Filed Exhibit A in Docket # 128 (docket no. 149) be **GRANTED IN PART**; that both of Plaintiff's motions for sanctions (docket nos. 150, 152) be **DENIED**; that Defendants' Motion for Rule 11 Sanctions (docket no. 153) be **DENIED WITHOUT PREJUDICE**; and that Defendants' Motion for Summary Judgment (docket no. 158) be **DENIED WITHOUT PREJUDICE** as moot.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829

F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Eastern District of Michigan Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 20, 2016                s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Mark White on this date.

Dated: October 20, 2016                s/ Lisa C. Bartlett
                                       Case Manager

19