UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE

    Plaintiff,               CIVIL ACTION NO. 13-CV-15073

    v.                          DISTRICT JUDGE AVERN COHN

ROSILYN JINDAL, et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/


**OPINION AND ORDER DENYING PLAINTIFF'S 1) MOTION TO APPOINT COUNSEL [170], 2) MOTION TO STRIKE IMPROPER RESPONSE & REQUEST FOR ADMONISHMENT/SANCTIONS [173], 3) MOTION TO COMPEL RESPONSE TO INTERROGATORIES/DISCOVERY AND FOR CONTEMPT FINES FEES AND COSTS [183], 4) MOTION TO PROVIDE COPIES OF DOCKET 160 AT STATE EXPENSE [186], 5) MOTION TO COMPEL/ORDER DISCOVERY [188]; AND GRANTING DEFENDANTS' MOTION FOR LEAVE TO DEPOSE PRISONER WITNESSES [181]**

**I.    Background**

Plaintiff Mark White, currently a prisoner at the Lakeland Correctional Facility in Coldwater, Michigan, filed this pro se civil rights case on December 13, 2013. (Docket no. 1.) He originally alleged claims against a number of defendants related to his healthcare while imprisoned at the Gus Harrison Correctional Facility in Adrian, Michigan, but those claims have been dismissed based on the applicable statute of limitations and for improper joinder. (Docket no. 73 at 6–8.) His remaining claims relate to his refusal to "snitch" on fellow inmates and the alleged failure of Gus Harrison prison officials to properly protect him from gang members as well as from other MDOC officials, among other allegations. (Docket no. 128 at 8–21 (Second Amended Complaint).) Seeking damages and injunctive relief, he sues Defendant Paul Klee, the Warden at the Gus Harrison Facility; Defendant Lee McRoberts, the Deputy Warden; and

Defendant C. Condon, a Resident Unit Manager ("Defendants"), all in their official and individual capacities. (*Id.* at 8.)

Plaintiff is subject to the three strikes rule in 28 U.S.C. § 1915(g)[1] (*see White v. Heyns*, No. 13-cv-12104, docket no. 4, E.D. Mich. May 24, 2013); however, he has been allowed to proceed without prepayment of fees in this case because he was able to demonstrate that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also* docket no. 73 at 7. On April 22, 2014, Plaintiff obtained a Temporary Injunction requiring Defendants to "transfer plaintiff to an MDOC facility that does not have a 'high concentration' of members of the Gangster's Disciples prison gang." (Docket no. 44 at 3.) On June 24, 2014, however, the Temporary Injunction was vacated following a determination that Plaintiff was required to seek protection through Michigan Department of Corrections ("MDOC") administrative procedures before resorting to court-ordered relief. (Docket no. 73 at 5–6.)

Since that time, Plaintiff has been transferred out of the Gus Harrison Facility, and is currently housed in the Lakeland Facility. He has continued his efforts to prosecute this case, however, by filing numerous "motions," many of which are confusing, repetitive, and procedurally improper. Since the dissolution of the Temporary Injunction, the Court has issued a number of orders to move the case along, most notably by appointing counsel for Plaintiff, on September 15, 2015. (Docket no. 121.) On April 1, 2016, however, the Court granted Plaintiff's counsel's motion to withdraw from the case, following a "fundamental breakdown in the attorney-client relationship," which counsel alleged was "caused by [Plaintiff's] belligerent insistence upon taking action [counsel] believes to be legally unjustified." (Docket no. 133 at 6–7.)

---

[1] Under 28 U.S.C. § 1915(g), a court may revoke or deny a plaintiff's *in forma pauperis* status where the plaintiff has, on three or more prior occasions, suffered dismissal of civil rights claims on the ground that the claim was frivolous, malicious, or failed to state a claim upon which relief can be granted.

The factual and procedural history of this case has been recounted in greater detail in other orders and reports (*see, e.g.*, docket nos. 97, 133, 166), and will only be repeated or expanded to the extent necessary to explain the Court's decisions regarding the motions addressed herein, specifically:

- Plaintiff's Motion to Appoint Counsel (docket no. 170);

- Plaintiff's Motion to Strike Improper Response & Request for Admonishment/Sanctions (docket no. 173);

- Defendants' Motion for Leave to Depose Prisoner Witnesses (docket no. 181);

- Plaintiff's Motion to Compel Response to Interrogatories/Discovery and for Contempt, Fines, Fees and Costs (docket no. 183);

- Plaintiff's Motion to Provide Copies of Docket 160 at State Expense (docket no. 186); and

- Plaintiff's Motion to Compel/Order Discovery (docket no. 188).[2]

All pretrial matters have been referred to the undersigned for consideration. (Docket no. 12.) The undersigned dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

**II.   Analysis**

  **a.   Plaintiff's Motion to Appoint Counsel [170]**

Plaintiff filed his "Motion for Appointment of Counsel due to Inability to Proceed Pro Se under Current Placement; Unavailable Photocopy Process; Lack of Records; Daily Harassment; Imminent Danger" in December 2016. (Docket no. 170.) Plaintiff includes a number of

---

[2] Also pending are Plaintiff's Motion for Temporary Injunction/Restraining Order (docket no. 174); Plaintiff's Motion to Enforce/Compel Discovery Inspection and Contempt of Court by Non-Party Correction Personnel with Specific Threats of Retaliation for Seeking a Court Order Compelling Inspection of Documents (docket no. 175); Plaintiff's Motion to Expedite Hearing on Injunction and Motion to Compel Discovery (docket no. 178); and Plaintiff's Motion for Contempt & Hearing (docket no. 179), which the Court will address separately.

3

allegations and requests for relief unrelated to his primary request for appointment of counsel; for example, Plaintiff asks the Court to "order the copy and mailing of all 65 exhibits to Docket # 162 at state expense; and order Defendants['] counsel to justify placement in violation of policy, and to show cause why Plaintiff cannot be transferred to a gang free level 2 at Lapeer, Lakeland or R.A. Handlon." (Docket no. 170 at 7.) Plaintiff has previously been warned that he must be "specific and concise in any motion he files, with allegations only related to the relief he seeks through the motion. Plaintiff also should not request multiple forms of unrelated relief in the same motion." (Docket no. 165 at 1.) The Court will therefore construe Plaintiff's motion strictly as a request to appoint counsel, and furthermore will deny the request.

Appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances. *Lanier v. Bryant*, 332 F.2d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). To determine whether exceptional circumstances justifying the appointment of counsel exist, courts consider the type of case and the ability of the party to represent himself. *Lanier*, 332 F.2d at 1006. Most notably, Plaintiff was previously appointed counsel on September 15, 2015, but the Court granted counsel's motion to withdraw from the case on April 1, 2016, following a "fundamental breakdown in the attorney-client relationship," which counsel alleged was "caused by [Plaintiff's] belligerent insistence upon taking action [counsel] believes to be legally unjustified." (Docket no. 133 at 6–7.) Plaintiff was only represented by counsel for eight months of this case, which has been pending for more than three years; the Court therefore does not find that appointment of new counsel is appropriate under the circumstances of this case. Plaintiff's Motion will be denied.

    b.    **Plaintiff's Motion to Strike Improper Response & Request for Admonishment/Sanctions [173]**

The next motion is Plaintiff's Motion to Strike Improper Response & Request for Admonishment/Sanctions, filed in January 2017. (Docket no. 173.) In this Motion, Plaintiff takes issue with the fact that Defendants included their affirmative defenses in their Answer (docket no. 171) to Plaintiff's Second Amended Complaint (docket no. 128 at 8–21). Plaintiff writes that defense counsel "combined his answer to the Amended Complaint with a Motion to Dismiss under Fed. R. Civ. P. 12(b)," which, he claims, violates the Court's scheduling order (docket no. 169) and Eastern District of Michigan Local Rule 7.1(b)(2), which both require leave of court to file a second dispositive motion. (Docket no. 173 at 1.)

Plaintiff is incorrect. Defendants simply included their affirmative defenses in their Answer to Plaintiff's Second Amended Complaint, as they are required to do under Federal Rule of Civil Procedure 8(b). (Docket no. 171 at 3–6.) Moreover, Defendants' prior Motion for Summary Judgment (docket no. 158) was denied without prejudice, meaning that Defendants are permitted to file a new dispositive motion without leave of Court. (Docket no. 168.) Only Defendant Klee has filed a Motion for Summary Judgment that was denied on the merits. (Docket no. 73 at 5.) The Court will therefore deny Plaintiff's Motion.

    c.    **Plaintiff's Motion to Compel Response to Interrogatories/Discovery and for Contempt Fines Fees and Costs [183]**

In this Motion, Plaintiff asks the Court to order Defendants to respond to Plaintiff's interrogatories. (*See* docket no. 183 at 19.) In their Response to the Motion, Defendants indicate that they received the interrogatories from Plaintiff by regular mail on January 25, 2017. (Docket no. 184 at 1.) Pursuant to Federal Rules of Civil Procedure 30(b)(2), and 6(d), Defendants had until February 27 to provide responses to the interrogatories. Defendants include certificates of service indicating that they mailed their responses to the interrogatories to Plaintiff on February 23, 2017, by first class mail. (Docket no. 184 at 5–7.) Plaintiff does not dispute that

Defendants did so. Plaintiff's motion will therefore be denied, as Defendants provided timely responses to Plaintiff's interrogatories. The Court will also deny Plaintiff's request for fees and costs associated with filing the Motion, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B).

### d.  Plaintiff's Motion to Provide Copies of Docket 160 at State Expense [186]

In this Motion, Plaintiff indicates that he filed the original version of certain documents in support of his opposition to Defendants' Motion for Summary Judgment, because he was unable to make copies of the documents before his response to the Motion for Summary Judgment was due. (Docket no. 186 at 1–2.) He asks that Defendants be required to pay for the cost of the copies because, he claims, other MDOC officials caused him to be unable to make the copies. (*Id.*)

Plaintiff cites no authority which supports the idea that Defendants should be required to pay for the copies, and the Court found no such authority. It also appears that Plaintiff failed to follow MDOC policy for making copies. The Court will therefore deny the Motion. Nevertheless, the Court will print a copy of the documents filed at Docket no. 160, and mail the copy to Plaintiff for his records. The copy will be enclosed with a copy of this opinion and order. In the future, Plaintiff should not mail original documents to the Court if he requires a copy for litigation purposes.

### e.  Plaintiff's Motion to Compel/Order Discovery [188]

In this Motion, Plaintiff seeks an order requiring "MDOC/Defendant(s) & Counsel Schneider" to produce a number of documents as well as some security camera footage. (Docket no. 188 at 4.) He also asks the Court to "hold a contempt hearing for the delay, and impediment of discovery by Counsel Schneider and Defendant(s)." (*Id.*) Defendants filed a Response which includes their original responses to the discovery requests at issue as well as their current

position on each of the requests. (Docket no. 189.) After setting forth the governing law regarding discovery, the Court will deal with each request in turn.

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

### 1. Documents related to Tyrone Hill

Plaintiff's first discovery request at issue in this Motion is for "any and all discovery ordered by the Court in Docket #97 including the entire misconduct of 'Possession of a Weapon' issued to Tyon[e] Hill . . . and the complete criminal proceedings in <u>People v. Hill</u>, Lewanee County No. 14-16918-FH." (Docket no. 188 at 6.)

On January 14, 2015, the Court ordered Defendants "to produce any documents in their possession, custody, or control that relate specifically to . . . Mr. Hill's alleged use or attempted use of a knife to attack Plaintiff" for "attorney's-eyes-only inspection." (Docket no. 97 at 10–11.) After Plaintiff's former counsel was permitted to withdraw from the case, the Court ordered that the documents be produced for in-camera review. (Docket no. 133 at 5.) In response, Defendants produced an affidavit from an MDOC Litigation Coordinator which stated that no such documents exist regarding Mr. Hill. (*Id.*) Therefore, the Court finds that Defendants have fulfilled their obligation with regard to the documents previously ordered. As for the "complete criminal proceedings" against Mr. Hill in state court, Defendants state that they do not have custody, control or possession of these documents, and that Plaintiff should request the records directly from the Lewanee County Court. (Docket no. 189 at 2.) The Court accepts Defendants' representation and agrees that Plaintiff must request the records from the Lewanee County Court. This request will be denied.

### 2. Gus Harrison Log Books

Plaintiff's next request is for "Unit Log book entries" for specific dates/times from certain parts of the Gus Harrison facility. (Docket no. 188 at 6.) Defendant assert that they do not have custody, control or possession of the Gus Harrison logbooks, and that they previously informed Plaintiff that he needed to request the log books directly from MDOC, which is not a

defendant in this case. Defendants explain that MDOC must be allowed to object to production of the log books, as the log books "contain information on officer rounds, which is the security measure most directly responsible for safe maintenance of prisoners," and "personal and protected information about other prisoners." (Docket no. 189 at 2.) Again, the Court accepts Defendants' representation that they do not have custody, control or possession of the logbooks Plaintiff seeks, and will deny this discovery request on that basis.

### 3. Rules and by-laws regarding expenditures from the Prisoner Benefit Fund

Plaintiff's next request is for "the complete set of rules and or by-laws concerning expenditures from the Prisoner Benefit Fund by a Warden at ANY Facility." (Docket no. 188 at 6.) Defendants reached out to MDOC to inquire about these documents, and state in their Response to the Motion that MDOC informed them "that the only responsive document is Policy Directive 04.02.110 – there are no separate 'by-laws.'" (Docket no. 189 at 3.) Defendants also state that policy directives "are available to prisoners in the prison." (*Id.*) Thus, there are no documents to compel. This request will therefore be denied.

### 4. Gus Harrison facility Warden's Forum minutes

Plaintiff's next request is for "the Gus Harrison Level II, Wardens Forum report minutes from October, November, December 2013, January, February, March, April, May June 2014," including "any and all documents associated with the Forum reports." (Docket no. 188 at 6.) Defendants have provided Plaintiff with the minutes for the October and November 2013 forums, "the two months where [Plaintiff] had involvement with the Forum." (Docket no. 189 at 3.) Plaintiff argues that the minutes from the other months are relevant because they will show "population frustration at continued mass punishment for the thefts and robberies by the Black

Gangsters Disciples prison gang, as that subject was raised several times, and the minutes will reflect that." (Docket no. 188 at 3.)

The Court will deny Plaintiff's request for the minutes not previously provided. Plaintiff's explanation concerning the relevance of the Warden's Forum minutes is inadequate. Plaintiff has not shown that general population dissatisfaction concerning the alleged actions of unnamed prison gang members is relevant to proving his claims that he was retaliated against for his own actions and statements at the Warden's Forum and for his refusal to snitch against gang members. The Court also notes that, in their original response to this discovery request, Defendants further indicated that they "do not have any such documents." (Docket no. 189-2 at 5.)

### 5. Documents concerning MDOC Librarian Trudy Bowers

Plaintiff's next discovery request is for "any and all reports, hearings, transcripts of the misconduct and termination of Gus Harrison Level II Librarian Trudy Bowers in May/June 2014." (Docket no. 188 at 6.) Plaintiff contends that these documents will show "that Ms. Bowers['] defense for acting outside policy and rules is that she 'had permission' by Defendant(s) Klee & McRoberts." (*Id.* at 3.) Plaintiff contends that "[t]his is necessary to show that defendant(s) were willing to break any laws, rules or policies to maintain their version of 'control.'" (*Id.*) Once again, Defendants respond that they do not have custody, control or possession of these documents. (Docket no. 189 at 4.) The Court simply cannot order Defendants to produce that which Defendants do not have. This request will therefore also be denied.

### 6. Security camera footage

Plaintiff's last pending discovery request is for "any and all previous[ly] requested discovery including security camera footage requested, and previously requested to be preserved for this case in dockets 10 & 13 and any other discovery requested on June 21, 2016, December 26, 2016, January 3, 2017 and provided as exhibits in pleadings to the Court." (Docket no. 188 at 6.) The Court will not sift through the referenced prior pleadings[3] to determine what discovery Plaintiff is seeking other than the security camera footage.

The Court will also deny Plaintiff's request for the security camera footage. Defendants indicate that they do not have custody, control, or possession "over any video." (Docket no. 189-2 at 7.) They contend that MDOC "strictly regulates the release of video," and that "[r]equests for video must be made to MDOC directly so that MDOC can make any objections it has." (*Id.*)

In sum, many of Plaintiff's outstanding discovery requests involve documents (and video footage) that are not within the control of Defendants, but which, as Defendants point out, must be requested directly from MDOC, which is not a defendant to this action. For this reason, and for the other reasons stated above, the Court will deny Plaintiff's Motion to Compel/Order Discovery in its entirety. (Docket no. 188.)

   f.   **Defendants' Motion for Leave to Depose Prisoner Witnesses [181]**

On February 23, 2017, Defendants filed a Motion for Leave to Depose Prisoner Witnesses, through which they seek the Court's permission to depose two prisoners, Mr. Terry Ridley and Mr. Michael Little. (Docket no. 181.) As Defendants state in their Motion, Plaintiff alleges that Defendants placed Plaintiff in a cell with Mr. Ridley as an act of retaliation, and that

---

[3] The Court notes that docket no. 10 is a 44-page "Motion for Expedited Review for Immediate Restraining/Injunctive Order" which was denied as moot. (*See* docket no. 31 at 3; docket no. 44.) Docket no. 13 is a one-page Motion to Amend Complaint, which the Court granted based on the finding that the Motion to Amend was filed within the 21-day requirement for amendments as a matter of course provided for in Federal Rule of Civil Procedure 15(a)(1).

Mr. Little assaulted Plaintiff, an allegation related to Plaintiff's Eighth Amendment claims. (*Id.* at 2.) Defendants also point out that both men were included on Plaintiff's witness list. (*Id.*)

Federal Rule of Civil Procedure 30(a)(2)(B) provides that when a party wishes to depose a prisoner, the party "must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." The Court will grant the Motion, as it is unopposed and it is clear that deposing these witnesses is essential to the preparation of Defendants' case.

**IT IS THEREFORE ORDERED** that Plaintiff's 1) Motion to Appoint Counsel [170], 2) Motion to Strike Improper Response & Request for Admonishment/Sanctions [173], 3) Motion to Compel Response to Interrogatories/Discovery and for Contempt Fines Fees and Costs [183], 4) Motion to Provide Copies of Docket 160 at State Expense [186], and 5) Motion to Compel/Order Discovery [188] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to Depose Prisoner Witnesses [181] is **GRANTED**. Counsel for Defendants may make arrangements to take the depositions of Mr. Ridley and Mr. Little at dates and times convenient to the correctional facilities in which they are incarcerated.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 6, 2017           s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record and on Plaintiff Mark White on this date.

Dated:   June 6, 2017              s/ Lisa C. Bartlett
                                              Case Manager