UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE

    Plaintiff,               CIVIL ACTION NO. 13-CV-15073

    v.                         DISTRICT JUDGE AVERN COHN

ROSILYN JINDAL, et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Mark White, currently a prisoner at the Lakeland Correctional Facility in Coldwater, Michigan, filed this pro se civil rights case on December 13, 2013. (Docket no. 1.) He originally alleged claims against a number of defendants related to his healthcare while imprisoned at the Gus Harrison Correctional Facility in Adrian, Michigan, but those claims have been dismissed based on the applicable statute of limitations and for improper joinder. (Docket no. 73 at 6–8.) His remaining claims relate to his refusal to "snitch" on fellow inmates and the alleged failure of Gus Harrison prison officials to properly protect him from gang members as well as from MDOC officials, among other allegations. (Docket no. 128 at 8–21 (Second Amended Complaint).) Seeking damages and injunctive relief, he sues Defendant Paul Klee, the Warden at the Gus Harrison Facility; Defendant Lee McRoberts, the Deputy Warden; and Defendant C. Condon, a Resident Unit Manager ("Defendants"), all in their official and individual capacities. (*Id.* at 8.)

Plaintiff is subject to the three strikes rule in 28 U.S.C. § 1915(g)[1] (*see White v. Heyns*, No. 13-cv-12104, docket no. 4, E.D. Mich. May 24, 2013); however, he has been allowed to proceed without prepayment of fees in this case because he was able to demonstrate that he was "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also* docket no. 73 at 7. On April 22, 2014, Plaintiff obtained a Temporary Injunction requiring Defendants to "transfer plaintiff to an MDOC facility that does not have a 'high concentration' of members of the Gangster's Disciples prison gang." (Docket no. 44 at 3.) On June 24, 2014, however, the Temporary Injunction was vacated following a determination that Plaintiff was required to seek protection through Michigan Department of Corrections ("MDOC") administrative procedures before resorting to court-ordered relief. (Docket no. 73 at 5–6.)

Since that time, Plaintiff has been transferred out of the Gus Harrison Facility, and is currently housed in the Lakeland Facility. He has continued his efforts to prosecute this case, however, by filing numerous "motions," many of which are confusing, repetitive, and procedurally improper. Since the dissolution of the Temporary Injunction, the Court has issued a number of orders to move the case along, most notably by appointing counsel for Plaintiff, on September 15, 2015. (Docket no. 121.) On April 1, 2016, however, the Court granted Plaintiff's counsel's motion to withdraw from the case, following a "fundamental breakdown in the attorney-client relationship," which counsel alleged was "caused by [Plaintiff's] belligerent insistence upon taking action [counsel] believes to be legally unjustified." (Docket no. 133 at 6–7.)

There is currently a litany of Motions pending in this matter:

- Plaintiff's Motion to Appoint Counsel (docket no. 170);

---

[1] Under 28 U.S.C. § 1915(g), a court may revoke or deny a plaintiff's *in forma pauperis* status where the plaintiff has, on three or more prior occasions, suffered dismissal of civil rights claims on the ground that the claim was frivolous, malicious, or failed to state a claim upon which relief can be granted.

2

- Plaintiff's Motion to Strike Improper Response & Request for Admonishment/Sanctions (docket no. 173);

- Plaintiff's Motion for Temporary Injunction/Restraining Order (docket no. 174);

- Plaintiff's Motion to Enforce/Compel Discovery Inspection and Contempt of Court by Non-Party Correction Personnel with Specific Threats of Retaliation for Seeking a Court Order Compelling Inspection of Documents (docket no. 175);

- Plaintiff's Motion to Expedite Hearing on Injunction and Motion to Compel Discovery (docket no. 178);

- Plaintiff's Motion for Contempt & Hearing (docket no. 179);

- Defendants' Motion for Leave to Depose Prisoner Witnesses (docket no. 181);

- Plaintiff's Motion to Compel Response to Interrogatories/Discovery and for Contempt, Fines, Fees and Costs (docket no. 183);

- Plaintiff's Motion to Provide Copies of Docket 160 at State Expense (docket no. 186); and

- Plaintiff's Motion to Compel/Order Discovery (docket no. 188).

The undersigned will address two of the pending motions through this Report and Recommendation: 1. Plaintiff's Motion for Temporary Injunction/Restraining Order (docket no. 174), and 2. Plaintiff's Motion for Contempt & Hearing (docket no. 179).[2] Defendants filed a Response (docket nos. 180, 182) to each Motion. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 12.) The undersigned dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

**I.     Recommendation**

For the reasons that follow, the undersigned recommends that Plaintiff's Motion for Temporary Injunction/Restraining Order (docket no. 174) and Plaintiff's Motion for Contempt &

---

[2] A number of the other outstanding motions are addressed through an Opinion and Order entered concurrently with this Report and Recommendation (docket nos. 170, 173, 181, 183, and 186). Docket nos. 175 and 178 will be addressed separately.

3

Hearing (docket no. 179) be **DENIED**.

## II. Report

The factual and procedural history of this case has been recounted in detail in prior orders and reports (*see* docket nos. 97, 133, 166), and will only be repeated or expanded herein to the extent necessary to explain the recommendations stated above. The undersigned will first address Plaintiff's Motion for Temporary Injunction/Restraining Order (docket no. 174), followed by Plaintiff's Motion for Contempt & Hearing (docket no. 178).

### A. Plaintiff's Motion for Temporary Injunction/Restraining Order [174]

As explained above, Plaintiff is currently housed at the Lakeland Correctional Facility in Coldwater, Michigan. In this Motion, he asks the Court to "issue an injunction to MDOC to prevent any movement from his current assigned bunk . . . and placement at Lakeland Facility for the duration of this action," and to "order that no MDOC employee should retaliate by any further threats, harassment, denial of access to library, false misconducts for seeking this injunction," and "any other relief this court deems necessary . . . ." (Docket no. 174 at 5.)

Federal Rule of Civil Procedure 65 authorizes the issuance of preliminary injunctions and temporary restraining orders. The court may issue a temporary restraining order to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641 (6th Cir. 1993). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). In deciding a motion for a preliminary injunction, the court should consider whether (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable

4

injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (3) the public interest will be served if the injunction issues. *Id.* (citation omitted). While these factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Id.*; *see also Gonzalez v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Moreover, "where a prison inmate seeks an order enjoining state prison officials, [courts must] proceed with the utmost care and must recognize the unique nature of the prison setting." *Schuh v. MDOC*, No. 09-982, 2011 WL 7139457, at *3 (W.D. Mich. Nov. 10, 2011) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984)). Courts should give prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). These officials "are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts." *Schuh*, 2011 WL 7139457 at *3 (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Bell*, 441 U.S. at 548.

Plaintiff's housing has been an ongoing issue throughout these proceedings. As stated above, the court initially granted Plaintiff's first request for a temporary injunction, and ordered Defendants to "transfer plaintiff to an MDOC facility that does not have a 'high concentration' of members of the Gangster's Disciples prison gang." (Docket no. 44 at 3.) On Defendant Klee's Motion for Reconsideration (docket no. 47), however, the court vacated the transfer order, finding that "plaintiff must first abide by the MDOC's internal policy to address his prison

5

protection needs." (Docket no. 73 at 6.) Specifically, a prisoner must request protection from within the prison, and once that is done, the prisoner "is placed in temporary segregation or, if the institution does not have temporary segregation, in other suitable housing within the institution to meet the prisoner's protection needs and an investigation is conducted to determine the prisoner's protection needs." (Docket no. 47 at 8.) The investigation must be completed within seven business days and if the investigation determines that the prisoner's needs cannot be met in the current housing unit, the prisoner will be moved to a different unit or to another institution. (*Id.* at 8–9.) Since the court vacated the original transfer order, Plaintiff has filed a number of motions seeking transfer, each of which has been withdrawn or denied as moot. (*See, e.g.*, docket nos. 99, 108, 146 (motions) 119, 165 (orders)).

Plaintiff has not shown why the same internal MDOC policy should not continue to be applied in the event that Plaintiff is transferred out of Lakeland and believes that he is in danger at a new bunk or facility. The undersigned agrees with Defendants that MDOC "should be free to run its prisons, including finding appropriate prisoner placement. The plaintiff seeks an injunction that would allow him to engage in misconduct without sanction because his security level and housing could not be changed." (Docket no. 180 at 6.) More importantly, a prisoner has no constitutional right to confinement in a particular prison, and has no right to be transferred to a prison facility of his choice. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Granting Plaintiff's request for permanent placement in a particular bunk in a particular facility would likely harm the orderly operation of the prison and would not serve the public interest.

Plaintiff also does not request such relief in his Second Amended Complaint, nor could he, as all of the Defendants are employees of the Gus Harrison facility and therefore do not have authority over transfers ordered at the Lakeland facility, where Plaintiff wishes to remain. (*See*

6

docket no. 180 at 5 ("the defendants do not have the authority to transfer or block a transfer of the plaintiff"); *see also* docket no. 128 at 20 (second amended complaint, seeking "future injunctions and restraining orders against any further placement at a facility with the named defendants and inmates named in this action").) He therefore has no chance of succeeding on the merits of his "claim" that that he is somehow entitled to permanent placement at the Lakeland facility.

Plaintiff's request for an order "that no MDOC employee should retaliate by any further threats, harassment, denial of access to library, [and] false misconducts for seeking this injunction" should also be denied. (Docket no. 174 at 5.) In the event that any MDOC official actually retaliates against Plaintiff, he has administrative and legal remedies available to him. It is premature and unnecessary to order anyone—especially unnamed MDOC employees who are not parties to this action—to refrain from retaliating against Plaintiff. The Motion (docket no. 174) should be denied.

### B.      Plaintiff's Motion for Contempt & Hearing (docket no. 179)

This Motion relates to discovery which the undersigned ordered Defendants to produce on January 14, 2015. (Docket no. 97.) Specifically, the undersigned ordered Defendants to produce "any documents in their possession, custody, or control that relate specifically to [prisoner T. Hill's] alleged use or attempted use of a knife to attack Plaintiff" for "attorney's-eyes-only inspection." (Docket no. 97 at 10–11.) After Plaintiff's former counsel was permitted to withdraw from the case, the undersigned ordered that the documents be produced for in-camera review. (Docket no. 133 at 5.) In response, Defendants produced an affidavit from an MDOC Litigation Coordinator which stated that no such documents exist regarding Mr. Hill. (*Id.*) Plaintiff now asks that the court "grant a telephone hearing," "order Defendants and [the

Litigation Coordinator] to attend," and "take appropriate action in compensation to Plaintiff and personal accountability to Defendants for interfering with the administration of this court." (Docket no. 179 at 5.)

The undersigned finds that Defendants have fulfilled their obligation with respect to the documents previously ordered. To the extent Plaintiff has made a new, separate discovery request related to a misconduct issued to Mr. Hill,[3] Defendants respond that they were never properly served with a discovery request for such a document. (*See* docket no. 182 at 2–4.) They further respond that "[t]he defendants themselves did not have custody, control, or possession over the requested documents." (*Id.* at 2.) Counsel for Defendants wrote Plaintiff a letter explaining that if Plaintiff wishes to subpoena documents from MDOC, Plaintiff "must subpoena MDOC at central office" and serve a copy of the subpoena on Plaintiff. (Docket no. 182 at 7.) It is unnecessary to hold a hearing on the Motion involving the MDOC litigation coordinator, who is not a party to this action. Plaintiff's Motion (docket no. 179) should be denied.

### C. Conclusion

For the above-stated reasons, the undersigned recommends that Plaintiff's Motion for Temporary Injunction/Restraining Order (docket no. 174) and Plaintiff's Motion for Contempt & Hearing (docket no. 179) be **DENIED**.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

---

[3] Attached to Plaintiff's Motion are documents titled, "Request for Discovery" which seeks, among other things, "all discovery ordered by the Court on January 15, 2015," and "Plaintiff's First Discovery Motion," which seeks "the exact major misconduct issued to Inmate Tyrone Hill #741429 on January 1, 2014, at Gus Harrison Level II, . . . by C/O 'unknown' Hoffman, including all photos of the weapon, log entries by C/O Hoffman and any other personnel." (Docket no. 179 at 7, 10.)

provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Eastern District of Michigan Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 6, 2017                     s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record and on Plaintiff Mark White on this date.

Dated:   June 6, 2017                   s/ Lisa C. Bartlett
                                        Case Manager