UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK WHITE

    Plaintiff,             CIVIL ACTION NO. 13-CV-15073

    v.                     DISTRICT JUDGE AVERN COHN

ROSILYN JINDAL, et al.,      MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/


**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE/COMPEL DISCOVERY INSPECTION AND CONTEMPT OF COURT BY NON-PARTY CORRECTION PERSONNEL [175] AND DENYING PLAINTIFF'S MOTION TO EXPEDITE HEARING ON INJUNCTION AND MOTION TO COMPEL DISCOVERY [178]**

**I.    Background**

Plaintiff Mark White, currently a prisoner at the Lakeland Correctional Facility in Coldwater, Michigan, filed this pro se civil rights case on December 13, 2013. (Docket no. 1.) He originally alleged claims against a number of defendants related to his healthcare while imprisoned at the Gus Harrison Correctional Facility in Adrian, Michigan, but those claims have been dismissed based on the applicable statute of limitations and for improper joinder. (Docket no. 73 at 6–8.) His remaining claims relate to his refusal to "snitch" on fellow inmates and the alleged failure of Gus Harrison prison officials to properly protect him from gang members as well as from other MDOC officials, among other allegations. (Docket no. 128 at 8–21 (Second Amended Complaint).) Seeking damages and injunctive relief, he sues Defendant Paul Klee, the Warden at the Gus Harrison Facility; Defendant Lee McRoberts, the Deputy Warden; and Defendant C. Condon, a Resident Unit Manager ("Defendants"), all in their official and

individual capacities. (*Id.* at 8.)

Currently before the Court are Plaintiff's Motion to Enforce/Compel Discovery Inspection and Contempt of Court by Non-Party Correction Personnel with Specific Threats of Retaliation for Seeking a Court Order Compelling Inspection of Documents ("Motion to Compel," docket no. 175), and Plaintiff's Motion to Expedite Hearing on Injunction and Motion to Compel Discovery (docket no. 178). In response to an Order issued by the Court (docket no. 190), Defendants filed a Response to Plaintiff's Motion to Compel (docket no. 193).

## II. Analysis

The instant Motion to Compel concerns Plaintiff's medical records. On January 14, 2015, the Court held, in relevant part, that Plaintiff "may review his own medical record under MDOC guidelines but may only make copies of the records at his own cost . . . ." (Docket no. 97 at 13–14.) Plaintiff explains in the instant Motion to Compel that he attempted to review his medical record in order to choose specific pages to print at a cost of $0.25/page (the standard Michigan Department of Corrections rate for copying prisoner medical records). (Docket no. 175 at 2.) His request to review the records was denied by MDOC officials, however, on the stated basis that MDOC Operating Procedure 03.04.108B prohibits prisoners from reviewing their medical records "in order to maintain the integrity of the record." (*Id.* at 6.) Since 2006, most prisoner medical records have been stored electronically. (Docket no. 193 at 2.) Prisoners are not allowed to access the system, because "there is no way to restrict what records the prisoner would have access to," including the records of other prisoners. (*Id.* At 3.) Instead, prisoners are required to pay to print whatever pages they wish to review.

Plaintiff seeks his medical records from July 8, 2014 to May 18, 2015, and mental health records from January 1, 2013 to June 30, 2014, a total of 182 pages. He was presented with an

invoice for $45.50. (*Id.* at 14.) Plaintiff is indigent and could not pay the invoice; his request for the medical records was therefore denied, prompting him to file the instant Motion to Compel. He asks that non-party MDOC Health Information Manager Lester be ordered to allow him review the records and choose the specific pages to print. (Docket no. 175 at 7.)

Now that the Court has had the opportunity to review MDOC Operating Procedure 03.04.108B and Defendants' Response to Plaintiff's Motion to Compel, it is clear that MDOC Officials properly denied Plaintiff's request to review his medical record and select specific pages to print. Plaintiff is limited to requesting copies of documents from a range of dates (as he originally requested), and is required to pay to print all of the pages he wishes to review.

In the Motion to Compel, Plaintiff indicates that although he is unable to pay for a copy of his medical records, he has family members who are willing to assist him. He asks that the Court order MDOC (who is not a party to this lawsuit) to allow his family members to be able to deposit money in his prisoner account, and essentially have the money earmarked for Plaintiff to pay for copies of his medical record documents, rather than have the money go toward Plaintiff's other prison debts. (Docket no. 175 at 6.)

Defendants respond that MDOC prisoner accounts "are not set up to allow such segregation – a new program or programming would be needed." (Docket no. 193 at 5.) Based on Defendants' representation and the fact that MDOC is not a party to this lawsuit, the Court will deny Plaintiff's request to have funds segregated.

In their Response, however, Defendants explain how Plaintiff's family members can order a copy of the documents Plaintiff seeks:

> Operating Procedure 03.04.108A specifies the procedure for an outside person, such as a family member, to request the [medical] records. [Operating Procedure 03.04.108A, attached as Exhibit B]. Basically, the person sends a completed release to the prison, preferably addressed to "Health Information Manager," the

3

manager will send back a bill, and the person then pays and receives the records.
(*See* docket no. 193 at 4.) Defendants attach a copy of the release that Plaintiff must complete and give to his family members in order for them to be able to request and pay for a copy of Plaintiff's medical record. (Docket no. 193 at 19.)

The Court will deny Plaintiff's Motion to Compel. *See, e.g.*, *Hann v. Michigan*, No. 05-71347, 2009 WL 2929770, at *1 (E.D. Mich. 2009) (holding that prisoner plaintiff must request medical records from MDOC, not from counsel for the MDOC defendants, and further holding that the plaintiff "must conduct his own discovery"). Plaintiff's family members are able to purchase a copy of Plaintiff's medical records by following the procedure described in Defendants' Response (docket no. 193) and in MDOC Operating Procedure 03.04.108A (*id.* at 14).

The Court will also deny Plaintiff's Motion to Expedite. (Docket no. 178.) In this Motion, Plaintiff asks the Court to hold an expedited hearing on two motions he filed on January 25, 2017. (*Id.* at 1.) The motions he references are his Motion for Temporary Injunction/Restraining Order at docket no. 174, and the instant Motion to Compel at docket no. 175. On June 6, 2017, the Court recommended to District Judge Avern Cohn that Plaintiff's Motion for Temporary Injunction/Restraining Order (docket no. 174) be denied. The Court has now also denied Plaintiff's Motion to Compel (docket no. 175). Plaintiff's Motion to Expedite a hearing on these two motions is therefore moot, and will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Enforce/Compel Discovery Inspection and Contempt of Court by Non-Party Correction Personnel (docket no. 175) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Expedite Hearing on Injunction and Motion to Compel Discovery (docket no. 178) is **DENIED AS MOOT**.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 15, 2017         s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record and on Plaintiff Mark White on this date.

Dated:  June 15, 2017        s/ Lisa C. Bartlett
                             Case Manager