UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK WHITE,**

    **Plaintiff,**                               **CIVIL ACTION NO. 13-15073**

vs.                                   **DISTRICT JUDGE AVERN COHN**

                                       **MAGISTRATE JUDGE MONA K. MAJZOUB**

**ROSILYN JINDAL, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Mark White filed this *pro se* civil rights case on December 13, 2013. (Docket no. 1.) He originally alleged claims against a number of defendants related to his healthcare while imprisoned at the Gus Harrison Correctional Facility in Adrian, Michigan, but those claims have been dismissed based on the applicable statutes of limitations and for improper joinder. (Docket no. 73 at 6-8.) His remaining claims relate to his refusal to "snitch" on fellow inmates and the alleged failure of Gus Harrison officials—Defendant Paul Klee, the Warden at the Gus Harrison Facility; Defendant Lee McRoberts, the Deputy Warden; and Defendant C. Condon, a Resident Unit Manager ("Defendants")—to properly protect him from gang members. (Docket no. 14, pp. 5-6.)

On September 15, 2015, the Court appointed counsel to represent Plaintiff. (Docket no. 121.) On April 1, 2016, however, the Court granted Plaintiff's counsel's motion to withdraw from the case, following a "fundamental breakdown in the attorney-client relationship," which counsel alleged was "caused by [Plaintiff's] belligerent insistence upon taking action [counsel] believes to be legally unjustified." (Docket no. 133 at 6-7.)

This matter is presently before the Court on Plaintiff's Motion to Reopen Discovery & Amend Witness List due to Newly Discovered Evidence (docket no. 205), which was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 208.) The motion is being reviewed without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

## I.     RECOMMENDATION

For the reasons that follow, the undersigned recommends that Plaintiff's Motion to Reopen Discovery & Amend Witness List due to Newly Discovered Evidence be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff should be permitted to amend his witness list in order to add Mr. Ramon Arthur Pfromm. However, the Court should reopen discovery in this matter only for the limited purpose of deposing Mr. Pfromm, which, if Defendants wish to pursue, should occur within 30 days of any order adopting this Report and Recommendation.

## II.    REPORT

The factual history of this case is recounted in detail in an Opinion and Order filed on January 14, 2015 (docket no. 97), an Order filed on April 1, 2016 (docket no. 133), as well as a Report and Recommendation dated October 20, 2016. Accordingly, the factual background will only be repeated or expanded herein to the extent necessary to explain the recommendations stated above. This Report will address Plaintiff's Motion to Reopen Discovery & Amend Witness List due to Newly Discovered Evidence. (Docket no. 205).

### A.     Background

Plaintiff filed his original *pro se* complaint and motion for a temporary injunction on December 13, 2013. (Docket nos. 1, 3.) On February 11, 2014, Plaintiff filed his first amended complaint. (Docket no. 14.) The amended complaint added Defendants McRoberts and Condon.

(*Id.* at 1.) It largely repeats the allegations made in the first complaint but also adds some factual detail. Specifically, Plaintiff alleges that due to an "explosion of thefts & fights due to gang activity" in November 2013, Plaintiff was asked by his assistant unit managers, King and Donaghy, to provide information about individual gang members. For fear of retribution, Plaintiff refused to provide any information. Plaintiff alleges that due to his refusal, Defendants began retaliating against him. He describes incidents of King and Donaghy taking his property and issuing "major misconducts" against him, Defendant Condon implying loudly and within earshot of other inmates that Plaintiff was a "snitch" during a misconduct hearing, and being moved to a prison unit with "numerous gangsters disciples," where he was threatened and physically assaulted. (*Id.* at 6.) Plaintiff contends that Defendants' actions amount to a conspiracy to punish him for exercising his First Amendment rights, and further alleges that Defendants are "refusing to provide proper protection" in violation of the Eighth Amendment. (*Id.* at 7.)

On January 14, 2015, the Court granted Plaintiff's Motion for Appointment of Counsel. (Docket no. 97.) On August 13, 2015, while Plaintiff was still waiting for the appointment of counsel, the Court addressed several outstanding motions, many of which dealt with outstanding discovery and counsel-appointment issues. (Docket no. 119.) Most notably, the Court acknowledged the "necessity for protecting the sensitive nature of the documents requested by Plaintiff" and noted that "Defendants . . . have compiled the requested documents, and they will produce them to Plaintiff's attorney when one is appointed." (*Id.* at 6-7.) On September 30, 2015, the Court secured counsel for Plaintiff. (Docket no. 121.) On January 19, 2016, and again on February 4, 2016, the Court held status conferences with counsel regarding this matter. (*See* docket nos. 123 and 124.) By February 4, 2016, however, Plaintiff's appointed counsel indicated

3

that the attorney-client relationship had broken down and that counsel intended to file a motion to withdraw. On March 3, 2016, the Court took Plaintiff's counsel's motion under advisement and ordered that Defendants provide the attorney's-eyes-only documents to the Court for *in camera* review. Defendants submitted the documents to the Court on March 17, 2016, and the undersigned took judicial notice of several facts contained in the materials produced. (Docket no. 133.)

In February of 2016, Plaintiff filed a second amended complaint, which added claims under 42 U.S.C. § 1985(3) and the Michigan Government Tort Liability Act, M.C.L. §§ 691.1401-1407. (Docket no. 128.) In this version of the complaint, Plaintiff requested "punitive, declaratory, compensatory and future damages against each named defendant in excess of $25,000," as well as "future injunctions and restraining orders against any further placement at a facility with the named Defendants and inmates named in this action" and "any further relief deemed just and appropriate." (*Id.* at 20.) The Court granted in part Plaintiff's motion for leave to amend, and adopted the complaint attached as Exhibit A to docket no. 128 as Plaintiff's second amended complaint. (Docket nos. 166, 168.)

Discovery in this matter closed on April 28, 2017 (docket no. 169), and on August 8, 2017, the undersigned certified completion of pretrial proceedings. (Docket no. 201.) Plaintiff now requests the Court to: (1) reopen discovery for an additional 90 days; (2) allow Plaintiff to amend his witness list to add Ramon Pfromm; (3) order that Mr. Pfromm's testimony is relevant and admissible; (4) order Defendants "to provide all previous discovery for Plaintiff to examine and take notes or copy as previously ordered"; and (5) issue a clarification on how Plaintiff is to proceed with discovery. (Docket no. 205.) Defendants did not file a response to Plaintiff's motion.

**B.     Governing Law**

As provided by Federal Rule of Civil Procedure 16(b), a court's scheduling order may be modified only for good cause and with the judge's consent.  Good cause is met by determining the moving party's diligence in attempting to meet the scheduling order and whether the opposing party will suffer prejudice by amending the scheduling order.  *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003).  A court may issue sanctions under Rule 37(b)(2)(A)(ii)-(vii) if a party fails to obey a scheduling order.  Fed. R. Civ. P. 16(f).

A party must provide to the other parties and promptly file certain information about the evidence that it may present at trial other than solely for impeachment, including the name and, if not previously provided, the address and telephone number of each witness.  Fed. R. Civ. P. 26(a)(3)(A).  Unless the court orders otherwise, these disclosures must be made at least 30 days before trial.  Fed. R. Civ. P. 26(a)(3)(B).

Rule 37(c), Fed. R. Civ. P., provides sanctions for failing to disclose or supplement an earlier disclosure.  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "A district court has broad discretion in determining whether a Rule 26 violation is justified or harmless."  *Heartland Rehab. Serv., Inc. v. Mekjian*, No. 06-11769, 2007 WL 1266352, at *1 (E.D. Mich. May 1, 2007) (citing cases).

**C.     Analysis**

*1. Motion to Reopen Discovery*

Plaintiff seeks to reopen discovery for an additional ninety days in order to "discover further information [regarding an alleged assault of Ramon Pfromm], and to 'properly request'

5

discovery in general, including the video of plaitiff's [*sic*] assault in this matter." (Docket no. 205.)

In support of this request, Plaintiff asserts that on May 26, 2017 he met inmate Ramon Arthur Pfromm, who was "assaulted by the G.D. Gang on or about November 21, 2013" in a manner that was similar to the alleged assault on Plaintiff on December 8, 2013. (*Id.* at 4.) Plaintiff attaches an affidavit from Mr. Pfromm, which embodies Mr. Pfromm's testimony regarding the alleged November 21, 2013 assault and Pfromm's subsequent transfer from Gus Harrison Correctional Facility. (*Id.* at 10.)

Plaintiff further contends that, due to several impediments during the discovery period, "Plaintiff had no access to discovery for a total of 25 months, and, by schedule, was only given six (actual) months to conduct discovery." (*Id.* at 3.) Finally, Plaintiff asserts that "[t]here remains outstanding discovery previously ORDERED by this court that must be resolved," including certain emails identified by Amy Fairbanks of the MDOC.

Discovery in this case originally closed on April 28, 2017. (Docket no. 169.) Plaintiff filed his initial set of discovery requests on September 8, 2014 (*see* docket no. 205, p. 1) and has filed at least five motions to compel discovery (see docket nos. 92, 115, 175, 183, 188), all of which have been addressed by the Court. Plaintiff acknowledges that he has had at least six months in which to conduct discovery in this matter. Plaintiff fails to explain why this period was inadequate, or to describe any particular discovery that he was unable to obtain. To the extent that Defendants have failed to comply with any prior orders of this Court, as Plaintiff alleges, relief would ordinarily be obtained through a motion for sanctions—for example, a motion under Rule 37 of the Federal Rules of Civil Procedure.

With respect to the newly discovered evidence regarding Mr. Pfromm, Plaintiff appears

to have spoken to Mr. Pfromm and has acquired an affidavit comprising Mr. Pfromm's testimony. Plaintiff fails to demonstrate the need to obtain additional discovery in connection with the alleged incident regarding Mr. Pfromm. However, because the undersigned recommends that the Court grant Plaintiff's unopposed request to amend his witness list in order to add Mr. Ramon Arthur Pfromm, the Court should reopen discovery in this matter for the limited purpose of deposing Mr. Pfromm, which, if Defendants wish to pursue, should occur within 30 days of any order adopting this Report and Recommendation.

### 2. Motion to Amend Witness List

Plaintiff seeks leave to add Mr. Pfromm to his witness list. (*See* docket no. 187, Plaintiff's witness list.) Because Defendants do not object to Plaintiff's request to amend, and because Plaintiff adequately explains the basis for amendment—i.e., that he became acquainted with Mr. Pfromm after filing his witness list—the Court should grant Plaintiff's request to amend his witness list.

### 3. Miscellaneous Requests

Plaintiff's remaining requests—that the Court: (1) order that Mr. Pfromm's testimony is relevant and admissible; (2) order Defendants "to provide all previous discovery for Plaintiff to examine and take notes or copy as previously ordered"; and (3) issue a clarification on how Plaintiff is to proceed with discovery—are not supported by applicable law or court rules. As addressed above, to the extent that Plaintiff contends that Defendants have failed to comply with the Court's previous orders, such allegations should be addressed by way of a motion for sanctions.

### D.     Conclusion

For the above-stated reasons, the undersigned recommends that Plaintiff's Motion to

Reopen Discovery & Amend Witness List due to Newly Discovered Evidence be **GRANTED IN PART** and **DENIED IN PART**. Plaintiff should be permitted to amend his witness list in order to add Mr. Ramon Arthur Pfromm. However, the Court should reopen discovery in this matter only for the limited purpose of deposing Mr. Pfromm, which, if Defendants wish to pursue, should occur within 30 days of any order adopting this Report and Recommendation.

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Eastern District of Michigan Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 3, 2018                         s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Mark White on this date.

Dated: January 3, 2018                         s/ Leanne Hosking
                                               Case Manager