UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK WHITE,

    Plaintiff,

v.                                                Case No. 13-15073

                                                      HON. AVERN COHN

PAUL KLEE, LEE McROBERTS,
and C. CONDON,

    Defendants.
_____/

# ORDER
# DENYING PLAINTIFF'S MOTION TO EXPEDITE TRIAL OR SUPERVISED ARBITRATION (Doc. 214)
# AND
# DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL AND OTHER RELIEF (Doc. 219)

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is proceeding pro se and in forma pauperis. The matter was referred to a magistrate judge for pretrial proceedings. (Doc. 12). Following motion practice and several reports and recommendations which were adopted by the Court, plaintiff's remaining claims relate to his refusal to "snitch" on fellow inmates and the alleged failure of Paul Klee, the Warden at the Gus Harrison Facility, Lee McRoberts, the Deputy Warden, and Defendant C. Condon, a Resident Unit Manager ("defendants") to properly protect him from gang members.

A year ago the magistrate judge certified that the pretrial proceedings were

completed. (Doc. 201). However, after that certification, plaintiff filed a Motion to Reopen Discovery & Amend Witness List Due to Newly Discovered Evidence (Doc. 205), which the Court referred to the magistrate judge. (Doc. 208). The magistrate judge issued a report and recommendation (MJRR), recommending the following:

> Plaintiff's Motion to Reopen Discovery & Amend Witness List due to Newly Discovered Evidence be GRANTED IN PART and DENIED IN PART. Plaintiff should be permitted to amend his witness list in order to add Mr. Ramon Arthur Pfromm. However, the Court should reopen discovery in this matter only for the limited purpose of deposing Mr. Pfromm, which, if Defendants wish to pursue, should occur within 30 days of any order adopting this Report and Recommendation.

(Doc. 211 at p. 2). Neither party objected. The Court adopted the MJRR. (Doc. 212). Discovery is now closed.

Before the Court are the following motions:

Plaintiff's "Motion to Expedite Trial or Supervised Arbitration." (Doc. 214).

Plaintiff's "Motion for Appointment of Counsel for Protection and/or Contempt by Parties and Non-Parties and/or Permanent Injunctive Relief to Prevent Serious Injury/Death." (Doc. 219).

For the reasons that follow, the motions are DENIED.

## II.

In the motion to expedite trial, plaintiff asks for a trial date and/or for the Court to order the parties to arbitration. Although a trial date has not been set, the Court will enter a pretrial order to move the case to trial. As to plaintiff's request to arbitrate, the Court cannot order the parties to arbitrate but encourages the parties to discuss settlement on their own.

In the motion for appointment of counsel, plaintiff asks for counsel and for "protection" because he says he is being harassed by prison personnel. The

2

appointment of counsel in a civil proceeding is generally not a constitutional right and is justified only by exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-06 (6th Cir. 1993); Lassiter v. Dep't of Social Serv., 452 U.S. 18, 25 (1981) (finding that a constitutional right to counsel extends only to cases in which the defendant may be deprived of physical liberty).

Here, the Court initially appointed counsel to represent plaintiff. (Doc. 121). However, after representing plaintiff for several motions, appointed counsel filed a motion to withdraw from the case, following a "fundamental breakdown in the attorney-client relationship," which counsel alleged was "caused by [Plaintiff's] belligerent insistence upon taking action [counsel] believes to be legally unjustified." (Doc. 133 at p. 6-7.). Since that time, plaintiff has been able to present his arguments to the Court. Under these circumstances, appointment of counsel is neither warranted nor necessary.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 8/9/2018
Detroit, Michigan