UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

    Plaintiff,

v.                                                  Case No. 13-15073

PAUL KLEE, LEE McROBERT, and          HON. AVERN COHN
LOUIS CONDON,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S OBJECTIONS (Doc. 236)
## AND
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND APPOINTMENT OF COUNSEL (Doc. 237)

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is proceeding pro se and in forma pauperis. The matter was referred to a magistrate judge for pretrial proceedings. (Doc. 12). Following motion practice and several reports and recommendations which were adopted by the Court, plaintiff's remaining claims relate to his refusal to "snitch" on fellow inmates and the alleged failure of Paul Klee, the Warden at the Gus Harrison Facility, Lee McRobert, the Deputy Warden, and Louis Condon, a Resident Unit Manager ("defendants") to properly protect him from gang members. In other words, plaintiff is asserting a First Amendment retaliation claim. The magistrate judge has certified that the pretrial proceedings were completed. (Doc. 201).

Defendants filed a motion for leave to file motion for summary judgment (Doc.

234) directed at the merits of plaintiff's claims. The Court granted the motion because prior summary judgment motions were either denied without prejudice or directed to issues other than the merits of plaintiff's claims. (Doc. 235).

Before the Court is plaintiff's objection to the Court's order granting defendants' leave to file a motion for summary judgment (Doc. 236) and plaintiff's motion for reconsideration and appointment of counsel. (Doc. 237). For the reasons that follow, the motions are DENIED.

II.

As to plaintiff's objections, while the Court understands that the case has been pending for some time, due in substantial part to plaintiff's multiple filings, defendants are entitled to file a summary judgment motion addressing the merits of plaintiff's claims. Prior summary judgment motions were directed at procedural issues. Resolution of defendants' motion will either end the case or sharpen the issues for trial. As such, plaintiff's objection is overruled.

III.

As to plaintiff's request for reconsideration and appointment of counsel, plaintiff first says that the Court erred and prejudiced him in granting defendants leave to file a summary judgment motion before plaintiff could respond to the motion. Thus, he asks the Court to reconsider its decision granting defendants leave. Any prejudice to plaintiff, however, no longer exists as the Court considered plaintiff's objections to its order. Thus, plaintiff has argued his position on whether defendants should be allowed to file another summary judgment motion.

Regarding the appointment of counsel, appointment of counsel in a civil

2

proceeding is not a constitutional right and is justified only in exceptional circumstances. Lanier v. Bryant, 332 F.2d 999, 1006 (6th Cir. 2003). Plaintiff was previously appointed counsel on September 15, 2015 but the Court granted counsel's motion to withdraw from the case on April 1, 2016, following a "fundamental breakdown in the attorney-client relationship," which counsel alleged was "caused by [Plaintiff's] belligerent insistence upon taking action [counsel] believes to be legally unjustified." (Doc. 133 at 6–7.) Plaintiff was represented by counsel for eight months before a breakdown occurred. Both before the appointment of counsel and since counsel's withdrawal, plaintiff has demonstrated that he is capable of litigating his case. Thus, appointment of another counsel is neither appropriate nor warranted, i.e. there are no exceptional circumstances.

      SO ORDERED.

                                              S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated: 4/18/2019
      Detroit, Michigan