UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

    Plaintiff,

v.                                                                       Case No. 13-15073

PAUL KLEE, LEE McROBERT, and               HON. AVERN COHN
LOUIS CONDON,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ADD NEWLY OBTAINED AND OR DISCOVERED EVIDENCE AND FUTURE SAFETY (Doc. 247)[1]

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff is proceeding pro se and in forma pauperis. The matter was referred to a magistrate judge for pretrial proceedings. (Doc. 12). Following motion practice and several reports and recommendations which were adopted by the Court, plaintiff's remaining claims relate to his refusal to "snitch" on fellow inmates and the alleged failure of Paul Klee, the Warden at the Gus Harrison Facility, Lee McRobert, the Deputy Warden, and Louis Condon, a Resident Unit Manager ("defendants") to properly protect him from gang members. In other words, plaintiff is asserting a First Amendment retaliation claim. The magistrate judge has certified that the pretrial proceedings were completed. (Doc. 201).

Before the Court is plaintiff's motion styled "Motion to Add Newly Obtained and or

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Discovered Evidence of Damages and Future Safety." (Doc. 247). For the reasons that follow, the motion is DENIED.

II.

A.

As an initial matter, the parties recently filed cross motions for summary judgment directed at the merits of plaintiff's claims. (Docs. 239, 243). Responses have been filed. (Docs. 245, 249). The Court will consider the motions after any replies are received.

B.

In the instant motion, plaintiff says that he was threatened and assaulted by another inmate on June 10, 2019 who referenced plaintiff's allegations regarding snitching in this case. Plaintiff says he later requested video of the incident from the Litigation Coordinator at Lakeland Correctional Facility (Lakeland) where plaintiff is currently lodged. Plaintiff says he is aware that the video does not have audio capabilities, but that it would show the other inmate slapping plaintiff across the face. Plaintiff requests that the Court order the undersigned to preserve the video and produce it to the Court. He also asks for a show cause hearing wherein the Attorney General must answer for its failure to order the MDOC to transfer Plaintiff to Thumb Correctional Facility, plaintiff's preferred facility.

Defendants contend that plaintiff's requests lack merit and should be denied. The Court agrees. As to a transfer, inmates do not have a right to choose the facility in which they are lodged. See Meachum v. Fano, 427 U.S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted

felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison"). Nor has plaintiff argued for a Temporary Restraining Order or Injunction that would enable the Court to determine whether it should order the MDOC to transfer him. In short, there is no basis to order a transfer.

As to the video, as described in the affidavit of Russ Rurka, the litigation coordinator at Lakeland, the video was destroyed per MDOC's retention policy and plaintiff did not timely or properly request its preservation. Moreover, even if the June 10, 2019 video had been preserved and even if it depicts exactly what plaintiff says it does, the video does not have sound. Thus, it would not contain the alleged verbal statements about plaintiff being a rat, which, according to plaintiff, would support his claims in this case. Simply put, a video without sound that shows another inmate assaulting plaintiff in June of 2019 has no probative value in this case about alleged retaliation and failure to protect from six years ago at a different facility.

SO ORDERED.

S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: 8/13/2019
   Detroit, Michigan